# Richardson, *et al. v.* Mertins.

## *Trover.*

(Decided February 17, 1912. 57 South. 720.)

1. *Appeal and Error; Review; Waiver.*—The mere assertion that the demurrer was improperly overruled is not such an argument on the assignment of error to the overruling of the demurrer as will prevent a waiver of the assignment.

2. *Same; Review; Presumption.*—Where the demurrers which were sustained by the trial court are not set out in the record, it will be presumed on appeal that they properly stated a valid objection to the pleading, if any existed.

3. *Pleading; Demurrer; Good in Part; Determination.*—Where a replication sets up as an answer to all the pleas collectively the single fact that the plaintiffs were minors at the time of the filing of the suit, there was no error in sustaining demurrers to such replication if, in fact, it is not a good defense to each and all of the special pleas.

4. *Limitation of Actions; Computation of Period; Personal Disability; Infancy.*—Sections 4846 and 4860, are in pari materia and the saving statute operates in favor only of the person to whom the cause of action first accrued, and not to those who succeeded to his rights, unless at the time of their succession the statute had not begun to run against their predecessor in right; hence, a plaintiff claiming the benefit of the exception in favor of infants must show either that the cause of action accrued to him originally or that he had succeeded to the rights of one against whom limitations had never begun to run.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

[Richardson, et al. v. Mertins.]

Action by Minnie Reese Richardson and others, by next friend against J. A. L. W. Mertins, in trover. Judgment for defendant and plaintiffs appeal. Affirmed.

BALL & SAMFORD, for appellant. The plea did not take into consideration the provisions of section 4846, giving minors the right to sue until the termination of their disability, and hence, this section and its citation disclose the error of the court in overruling the demurrers to plaintiff's replication.

G. F. MERTINS, and STEINER, CRUM & WEIL, for appellee. The replication was filed to the pleas collectively, and as it is apparent that it is not good as to some of them, the court properly sustained the demurrer thereto. The appellant does not make such an insistence as will authorize the court to review his assignment as to the demurrer. The saving clause has no application to these plaintiffs, as it appears that they were successors in right to one against whom the statute already had begun to run before their interest was acquired.

SOMERVILLE, J.—The plaintiffs sued the defendant in trover for the conversion by her on or about November 25, 1908, of certain chattels, the property (as alleged) of plaintiffs. The summons describes the plaintiffs as "minors who sue by M. R. R., as next friend." In the caption to the complaint they are described as "M. R. R. and C. R. by M. R. R., as next friend." The defendant's pleas were as follows: "(1) The general issue. (2) The defendant for answer to the complaint saith: That the plaintiffs' cause of action, if any they had, is barred by the statute of limitations of six years. (3) The cause of action of the plaintiffs, or of those under whom they claim, accrued more than six years

[Richardson, et al. v. Mertins.]

prior to the bringing of this suit. (4) The property for the conversion of which this suit was brought came into the possession of the defendant if at all under claim of right more than six years prior to the institution of this suit. Wherefore," etc. A demurrer was interposed to these pleas collectively on the grounds that the complaint showed that the plaintiffs were minors when the suit was instituted, and that the statute of limitations would not begin to run against them until they were of age. This demurrer was overruled, and error is separately assigned for overruling the demurrer to plea 2, to plea 3, and to plea 4.

However, counsel do not argue these assignments of error other than by asserting that the demurrer was improperly overruled. This, under the practice and rulings of this court, must be treated as a waiver of the assignments.

The plaintiffs filed four replications to these pleas, collectively, as follows: "(1) That they had no knowledge of the conversion by the defendant of the property sued for until on or about the date named in the complaint. (2) That, even if the allegations of said pleas are true, they were minors at the time of the filing of this suit. (3) That they had no knowledge of the whereabouts of the property sued for until November, 1908, although they made diligent efforts to ascertain the location of said property which was fraudulently withheld from them by one Wm. Pullium from whom defendant obtained them directly or indirectly. (4) That the defendant came into the possession of the property sued for by and through one William Pullium, who had no authority to sell or dispose of said property, and that in the disposition of said property by said Pullium he was guilty of embezzlement by which a fraud was practiced on them, of which they had no knowledge until

about the time named in the complaint and suit was filed in less than a year from said time."

The judgment entry shows that the court sustained defendant's demurrers to these replications, but the demurrers are not set out in the record. In such a case this court always presumes in support of the judgment that the demurrer properly stated a valid objection to the pleading, if any there be.

The only question argued by appellants' counsel is the sufficiency of the second replication, and so we shall not consider the several assignments of error relating to the first, third, and fourth replications.

The second replication offers as an answer to all the pleas, collectively, the single fact that plaintiffs "were minors at the time of the filing of this suit." If this fact is not a good defense to each and all of defendant's special pleas, then, of course, the trial court cannot be held in error for its elimination by demurrer.

Setcion 4846 of the Code allows in general three years additional to infants within which to bring suit after coming of age, if they were minors "at the time such right accrued." It is the saving effect of this statute that is invoked by the replication. Section 4860 of the Code provides that "a disability which did not exist when the cause of action accrued does not suspend the operation of the limitation, unless the contrary is expressly provided." These statutes are construed in pari materia, and it is thoroughly well settled that the saving statute operates in favor only of the person to whom the cause of action first accrued, and not of those who succeed to his rights, unless at the time of their succession the statute had never begun to run against their predecessor.—*Doe v. Thorp*, 8 Ala. 253; *Underhill v. Mobile, etc., Ins. Co.* 67 Ala. 45; *Black v. Pratt, C. & C. Co.*, 85 Ala. 504, 5 South. 89; *Oliver v. Williams*, 163

Ala. 376, 50 South. 937. In *Doe v. Thorp,* where the question was first given full consideration, this court, construing the act of 1843, said: "The saving clause expends itself upon the person first entitled to an action, if he is in the predicament to require the benefit of it; and, if the disability be once removed, the time must continue to run, notwithstanding any subsequent disability, either voluntary or involuntary." And, referring to the English statute on the same subject, it is observed that "the courts of England have, therefore, properly extended it only to the persons to whom the right then accrued, and not to those to whom it should afterwards come; so that, on the death of a person in whose life the statute first began to run, his heir must enter within the residue of the period allowed for making the entry, although he labored under a disability at the death of his ancestor." Although, as subsequently codified, the phraseology of the act of 1843 was changed, this principle of construction has always been adhered to, and it was declared in *Black v. Pratt, C. & C. Co.,* 85 Ala. 508, 5 South. 92, that "a party claiming the benefit of an exception or proviso in the statute of limitations can only avail himself of the disability which existed when the right of action first accrued." It is apparent at a glance that the accrual of the right of action to the plaintiff, as referred to in the saving statute, is a matter wholly distinct from the accrual of the cause of action as referred to in section 4860, above quoted; and this distinction is vital, we think, to the decision of the question presented.

A plaintiff claiming the benefit of this exception in favor of infants must bring himself not only within the terms of the saving statute, but must also exclude the qualifying influence of section 4860. It is not enough that he is an infant when he sues, and must, therefore,

have been an infant when the right of action accrued to him. He must also show either that the cause of action accrued to him originally, or else that he has succeeded to the rights of one against whom the limitation had never begun to run. The replication was therefore subject to demurrer in this respect, in so far as it attempted to answer the second and third pleas, and the trial court did not err in so holding.

Affirmed.   All the Justices concur.