172 So. 620

## MARYLAND CASUALTY CO. et al. v. SEYMORE et al.

### 7 Div. 427.

Supreme Court of Alabama.

Feb. 18, 1937.

Goodhue & Lusk, of Gadsden, for appellants.

Scott & Dawson, of Fort Payne, for appellees.

ANDERSON, Chief Justice.

The bill of complaint proceeds under sections 6482 and 6484 of the Code of 1923 to set aside a final settlement made by one Lee Barnard as the guardian of James Seymore, a person of unsound mind. The bill avers that the ward died on the 15th day of February, 1933, and that one Price was duly appointed administrator of his estate and the said Lee Barnard, guardian, made a final settlement of his guardianship in the probate court on March 25, 1933.

The complainants file the bill as minor heirs of the deceased ward, James Seymore, by next friend seeking to set aside the final settlement of the guardian because of certain derelictions on his part in not realizing upon certain assets, etc., of the estate of his ward, notwithstanding there was an administrator of the ward's estate continuing for two years after the settlement.

The bill should have been filed by the administrator and within two years after the settlement, as the statute 6482 requires that such bills must be filed within two years. The general rule is that bills of this character must be filed by the administrator and not creditors, distributees, or legatees of the estate. Dugger v. Tayloe, 60 Ala. 504. There are exceptions, and the pleader attempts to engraft an exception here by the charge that the administrator refused or declined to file the bill. Should this be sufficient to warrant action by the present complainants, the same should have been taken before the completion of the bar against the administrator who had the original right and duty to act and as against whom the time began to run from the date of the settlement.

True, section 6483 extends the time in behalf of minors, but said extension applies only to infants to whom the cause of action accrued originally, or that he had succeeded to the rights of one against whom limitations had never begun to run. Here, the right to maintain this bill did not accrue to these complainants originally and, while they may have succeeded to the rights of the administrator upon his refusal to act, the limitation had already begun to run against said administrator and the time had expired before the present action was taken.

It is a well-settled rule that the operation of a statute of limitations, once commencing, will not be suspended by reason of any disability which may intervene. Richardson v. Mertins, 175 Ala. 309, 57 So. 720.

While there are many grounds of demurrer insisted upon, we may well pretermit a consideration of same save the one relating to the delay in filing the bill. The bill upon its face shows that it was barred by the statute of two years. In equity, as distinguished from actions at law, the statute of limitations may be set up by demurrer where the bill shows that the cause of action as stated therein is within the bar. Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606, and cases there cited.

The trial court erred in overruling those grounds of demurrer relating to the bar of two years and the decree of the circuit court is reversed and one is here rendered sustaining said demurrer and the cause is reversed, rendered, and remanded.

Reversed, rendered, and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.