198 So.2d 282

**William P. YERGER, Jr., et al., pro ami,**

**v.**

**Ora Lee COX et al.**

**4 Div. 273.**

Supreme Court of Alabama.

April 13, 1967.

Walter J. Knabe, Fontaine M. Howard, of Capell, Howard, Knabe & Cobbs, Montgomery, for appellants.

2

Homer W. Cornett and J. Pelham Ferrell, Phenix City, for appellees.

MERRILL, Justice.

This appeal arises from the sustaining of respondents' demurrers to the bill of complaint, as amended, and a decree dismissing the amended bill. It is our opinion that the ruling of the trial court was correct.

The complainants are the three minor children of Major William P. Yerger, Sr., suing by their next friend, Mary L. Mott. The respondents are Ora Lee Cox Yerger and her former husband, Robert H. Cox. All the parties, the children, the next friend, and the respondents are nonresidents of Alabama.

The bill of complaint, a bill in the nature of a bill of review, seeks a decree setting aside, because of fraud, a decree of divorce which respondent Ora Lee Cox secured against respondent Robert H. Cox, issued

by the Circuit Court of Russell County, In Equity, on October 29, 1958.

█ The bill, the allegations of which we take as true on demurrer, presents the following pertinent facts:

1. Ora Lee Cox and Robert Cox were divorced on October 29, 1958, by the decree which is here under attack.

2. On October 12, 1961, Major William P. Yerger, Sr. and Ora Lee Cox went through a marriage ceremony in Nevada.

3. Major Yerger died in Maryland on June 6, 1963, leaving surviving him the three minor complainants and his purported widow, Ora Lee Cox Yerger.

4. Major Yerger was in the U. S. Marine Corps at the time of his death and his military survivor benefit payments to the children are less than they would be if their father's purported marriage to Ora Lee Cox Yerger was an invalid marriage.

5. When Ora Lee Cox filed suit for divorce against Robert H. Cox, she alleged that she was a bona fide resident of Alabama, which was false.

6. In her testimony, Ora Lee Cox said, in part: "My name is Ora Lee Cox; I am over the age of twenty-one years and I am a bona fide resident of Alabama."·

7. That "until October 23, 1958, the said Ora Lee Cox Yerger was residing in Norfolk, Virginia, and that her children were enrolled in the Norfolk school system until that date; that on or about November 6, 1958, Ora Lee Cox Yerger enrolled her children in an elementary school at Twenty-nine Palms, California, listing Ora Lee Cox as their mother on the records of said school and listing Major William P. Yerger, Sr., as the stepfather of those children on that date."

8. That Ora Lee Cox perpetrated a fraud on the court because she did not and never had resided in Alabama, and that her then husband, respondent Robert H. Cox, was a party to this fraud by filing an answer to the bill admitting the allegations that Ora Lee Cox was a resident of Alabama.

9. That the complainants were not parties to the fraud.

10. That the "Complainants had no knowledge of the details of the time or place about the purported marriage of William P. Yerger, Sr., to Ora Lee Cox Yerger, until after the death of the said William P. Yerger, Sr., and your Complainants are not guilty of laches in this regard."

It is not necessary that we discuss all the points sought to be raised on this appeal. There are at least two reasons why the ruling of the trial court was correct.

The first is the application of Equity Rule 66, which permits a bill of review to be filed within three years after the rendition of a final decree. Here, the final decree was rendered on October 29, 1958, and the present suit was filed July 28, 1965, nearly seven years later.

█ We have held that an original bill in the nature of a bill of review, by analogy, should be filed within the three-year period limiting bills of review, but the limitation is not arbitrarily applied where special features or circumstances are shown excusing the delay. Titus v. Neiheiser, 269 Ala. 493, 114 So.2d 242; Laney v. Dean, 258 Ala. 37, 61 So.2d 109. No special features or circumstances excusing the delay are averred in the original bill or as amended.

█ But appellants contend that since they are minors, the provisions of Tit. 7, § 36, Code 1940, which permit a minor to bring an action after reaching his majority, and Tit. 7, § 42, which permits an action based on fraud to be brought within one year after the discovery of the fraud, toll the statute of limitations. We cannot agree.

Title 7, § 46, Code 1940, provides that a disability which did not exist when the cause of action accrued does not suspend the

operation of the limitation, unless the contrary is expressly provided.

In Richardson v. Mertins, 175 Ala. 309, 57 So. 720, we held that the two sections, now §§ 36 and 46 of Tit. 7, "are construed in pari materia, and it is thoroughly well settled that the saving statute (§ 36) operates in favor only of the person to whom the cause of action first accrued, and not of those who succeeded to his rights, unless at the time of their succession the statute had never begun to run against their predecessor." The court further said:

"A plaintiff claiming the benefit of this exception in favor of infants must bring himself not only within the terms of the saving statute, but must also exclude the qualifying influence of section 4860 (now § 46). It is not enough that he is an infant when he sues, and must, therefore, have been an infant when the right of action accrued to him. He must also show either that the cause of action accrued to him originally, or else that he has succeeded to the rights of one against whom the limitation had never begun to run. * * *"

In Maryland Casualty Co. v. Seymore, 233 Ala. 464, 172 So. 620, the same principle was applied.

Here, if a cause of action accrued to Major Yerger to attack the divorce decree of his wife from Robert Cox, it accrued when the divorce decree was rendered on October 29, 1958. Under Equity Rule 66 and our cases, he had three years in which to file his bill in the nature of a bill of review. But he did not file such a bill anytime during his life. The three-year limitation became a bar on October 29, 1961, and more than an additional year and a half ran before his death June 6, 1963.

It might be argued that he never discovered the fraud. But we have the unusual allegation in what we listed supra as the 7th pertinent allegation of the bill—that on November 6, 1958, ten days after the decree divorcing her from Robert H. Cox, "Ora Lee Cox Yerger enrolled her children in an elementary school at Twentynine Palms, California, listing Ora Lee Cox as their mother on the records of said school and listing Major William P. Yerger, Sr., as the stepfather of those children on that date." Construing the bill more strictly against the pleader, it appears that Ora Lee and the Major were holding themselves out to the public as man and wife some two years before they were married.

But laying this last matter aside, we are certain that, under the rules quoted from Richardson v. Mertins, 175 Ala. 309, 57 So. 720, the complainant minors here have shown no original cause of action in themselves, or that they succeeded to any right of their father against whom the limitation had never run.

Appellants argue that they show the divorce decree was void because Ora Lee Cox's proof as cited in pertinent fact 6 supra was insufficient to prove the jurisdictional averment of domicile, citing Levy v. Levy, 256 Ala. 629, 56 So.2d 344; Volin v. Volin, 272 Ala. 85, 128 So.2d 490, and Lorillard v. Lorillard, 272 Ala. 380, 131 So. 2d 707. This identical argument was made and rejected in Aiello v. Aiello, 272 Ala. 505, 133 So.2d 18, and need not be repeated here.

We come now to the most important reason why the trial court properly sustained the demurrer to the amended bill and dismissed it. That involves the question of whether strangers—here, the children of the second spouse—can maintain a bill in the nature of a bill of review in our courts to set aside a decree of divorce, not void on its face, to which neither they nor their parent was a party, when all the parties are nonresidents and were never domiciled in Alabama.

This question has never been answered exactly by this court, but the answer was strongly hinted in Aiello v. Aiello, 272 Ala. 505, 133 So.2d 18 [7].

The question was decided by the Supreme Court of Florida in DeMarigny v. DeMarigny, 43 So.2d 442, except that the complainant was a second spouse instead of children of the second spouse as in the instant case. The court said:

"The decree of divorce which is under attack by the appellant-petitioner has not adversely affected the status or rights of the appellant-petitioner which existed at the time of the entry of said decree. Indeed, it has protected her (and such protection continues) in her after-acquired marital status for without it her relationship with DeMarigny necessarily would have been classified as meretricious.

"As aforestated, the appellant-petitioner was neither defrauded nor injured for she occupied no status and had no rights at the time of the entry of the divorce decree sought to be invalidated which were or could have been affected thereby. The law on this subject is as stated in Freeman on Judgments, Vol. 1, page 636, Section 319: 'It must not, however, be understood that all strangers are entitled to impeach a judgment. It is only those strangers who, if the judgment were given full credit and effect would be prejudiced in regard *to some pre-existing right*, that are permitted to impeach the judgment. Being neither parties to the action, nor entitled to manage the cause, nor appeal from the judgment, they are by law allowed to impeach it *whenever it is attempted to be enforced against them* so as to affect *rights or interests acquired prior* to its rendition.'"

In 27A C.J.S. Divorce § 173(1) c., p. 722, we find:

"As a general rule, a final decree of divorce may not be collaterally attacked by the parties thereto. A stranger to the record, who was not a party to the divorce action or in privity with a party,

is not prohibited from impeaching the validity of the divorce decree in a collateral proceeding; but he must show that his legal or equitable rights were thereby invaded, or that he has rights, claims, or interests which would be injuriously affected by the enforcement of the decree, and which accrued prior to its rendition, unless the decree is absolutely void. * * *"

In an Annotation, 12 A.L.R.2d, § 7, p. 727, it is stated:

"It is the general rule that, unless authorized by statute, a stranger to the record has no standing directly to attack a judgment either by a motion (or petition) in the original proceeding, or by an independent suit, irrespective of whether the grounds urged in support of the attack go to the jurisdiction and if proven, render the judgment void, or concern only irregularities and defects which make the judgment voidable at best. This rule has been applied to judgment and decrees of divorce, * * *."

In the instant case, the allegations of the bill do not show that the decree divorcing the Coxes was void on its face. The bill does show that the complainants are strangers to the decree, that they occupied no status and had no rights which were or could have been affected by the decree at the time it was rendered. No right attempted now to be asserted was acquired by either the complainants or their father, the second husband, prior to the rendition of the decree.

■ We hold that a collateral attack against a decree of divorce rendered in Alabama cannot be maintained in our courts when that attack is instituted against nonresident parties by nonresident strangers to the original divorce proceedings when the decree is not void on the face of the proceedings.

The record does not show any connection by counsel for appellants on this appeal with the cause prior to the rendition of the decree by the trial court.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.