213 So.2d 685

Sidney WEISNER

v.

Camille Farrell Deutsch WEISNER et al.

3 Div. 284.

Supreme Court of Alabama.

Aug. 22, 1968.

Rushton, Stakely & Johnston, Montgomery, for appellant.

Calvin Whitesell, Montgomery, for appellees.

KOHN, Justice.

This is an appeal from a decree rendered on a petition for a declaratory judgment in the circuit court of Montgomery County, in equity.

We believe that quotations from the amended decree sustaining the demurrer and dismissing the cause sets out the pertinent facts necessary to pass upon the issues on this appeal.

"Respondent, Camille Farrell Deutsch Weisner, married Seymour Deutsch on March 29, 1950, in San Juan, Puerto Rico. At the time of this marriage, both Respondent and Deutsch were residents of the State of New York. They continued their residence in New York until February 7, 1953, when by prearrangement they, traveling on the same airplane came to Montgomery, Alabama, for the purpose of securing a divorce. This divorce was granted on February 9, 1953, and Respondent and Deutsch returned to New York on the same plane. Some short time later, Deutsch and Respondent moved into the same apartment and lived together until May of 1955. There was no pretense that they had resumed their marital status. They simply lived together. There is no contention made that either Respondent or Deutsch were ever at any time bona fide residents of the State of Alabama, and it is plain from the exhibits attached to the Bill of Complaint that they came to Alabama simply for the purpose of securing a 'quickie' divorce, and having accomplished their purpose, they returned to their home in the State of New York.

"On May 18, 1956, Respondent married Sidney Weisner, Complainant in this cause. In May of 1961, the Respondent filed a suit for separate maintenance against Complainant in the New York State courts. Complainant, in his pleadings in the New York State case set up as a defense that Mrs. Weisner's divorce from Deutsch was fraudulently procured in Alabama and was invalid, and asserted that his marriage to Mrs. Weisner was void because she was still married to Deutsch. On July 19, 1961, this action was dismissed under a stipulation which acknowledged the Alabama divorce to be valid and the Weisners to be legally married. On November 19, 1962, a new action for separate maintenance was filed in the State courts of New York by Respondent. After a hearing on the facts, the trial court reached the following conclusions among

others: (1) that the Alabama divorce was void; (2) that the Complainant's marriage to Respondent should be annulled; (3) that the two children born to Complainant and Respondent were legitimate; and (4) that the above referred to stipulation was procured by fraud on the part of the Respondent and should be set aside. The trial court entered a decree to those effects. The decree was appealed to an intermediate court of appeals which affirmed it. The case was appealed to the New York Court of Appeals (which is the court of last resort in New York) and that court modified so much of the decree as annulled the Complainant's marriage to Respondent, holding in effect, that Alabama, not New York, was the forum in which the Alabama divorce decree should be attacked. This decision was rendered on May 5, 1966.

"Following these legal maneuvers in the State of New York, Complainant now files his Bill of Complaint which he entitles A Bill for Declaratory Judgment, seeking to have this court set aside the 1953 divorce between Respondent and Deutsch because of fraud and lack of jurisdiction of the Alabama courts, inasmuch as both at the time of the procurement of the divorce were residents of the State of New York.

"Respondent, by demurrer, raises two defenses: (1) That Complainant, not being a party to the original divorce suit, may not have it set aside; and (2) That even if he could raise the question of the jurisdiction of the Court in the 1953 divorce, he is barred from so doing by laches."

 The decree of the trial court held that the divorce decree of February 9, 1953, was a nullity under Alabama law, and not entitled to faith and credit. This aspect of the decree below was not correct in view of the holding in Yerger v. Cox, 281 Ala. 1, 5, 198 So.2d 282, 286, where it is said:

"We hold that a collateral attack against a decree of divorce rendered in Alabama cannot be maintained in our courts when that attack is instituted against nonresident parties by nonresident strangers to the original divorce proceedings when the decree is not void on the face of the proceedings."

The facts in the instant case were very similar to the *Yerger* case, supra, for the attack is instituted against nonresident parties by a nonresident stranger to the original divorce proceeding and the petition for a declaratory judgment makes no averment that the divorce decree is void on its face.

Also, that aspect of the decree using laches as a basis for the holding of the trial court was not necessary for the ruling of that court. We therefore are not passing upon the question of laches, as it is not necessary to a disposal of this appeal.

The holding in Yerger v. Cox, supra, is decisive of this appeal. It is noted that the facts in the case before us, as well as in the *Yerger* case, are easily distinguished from those in Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725, and the ruling on this appeal in the instant case, does not in any way repudiate Hartigan v. Hartigan, supra.

The trial court reached a proper conclusion as to that part of the decree sustaining the demurrer and dismissing the bill of complaint.

It is our view that this decision does not conflict with the holding in Watts v. Town of Green Valley, ante p. 555, 213 So. 2d 398 (6 Div. 577), as the facts are obviously distinguishable.

 Under the ruling in Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507, that "[a] correct decision will not be disturbed because the court gave a wrong or insufficient reason therefor", the decree of the trial court is affirmed so far as it sustains the demurrer and

dismisses the bill of complaint, but is modified to eliminate the erroneous aspect of the decree below holding the divorce decree void and of no effect.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.