ELLA MARIE ALIKONIS, Plaintiff-Appellee, *v.* JUSTIN JOHN ALIKONIS, Defendant-Appellant.

Fourth District No. 12695

Opinion filed February 26, 1976.—Rehearing denied March 26, 1976.

Robert J. Alikonis, of Washington, D.C., and Bach & Laudeman, Ltd., of Bloomington (William S. Bach, of counsel), for appellant.

Dunn, Brady, Goebel, Ulbrich, Morel & Jacob, of Bloomington (Thomas N. Jacob, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

On April 10, 1972, the Circuit Court of McLean County entered a decree purporting to divorce plaintiff Ella Marie Alikonis from defendant Justin John Alikonis. On June 21, 1972, a decree was entered purporting to dispose of questions of property rights and alimony which had been reserved by the first decree. On March 5, 1974, defendant filed an amended petition to vacate or modify both decrees and on March 26, 1974, filed a document entitled "Petition to Modify Alimony Award." Plaintiff filed a motion to dismiss the amended petition and "request for fees" and made an oral motion to strike the petition to modify. The pending matters were consolidated for a hearing after which the court entered an order dismissing the amended petition, striking the petition to modify and awarding to plaintiff attorney's fees in the sum of $1,900. Defendant appeals.

The amended petition was brought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72). Its principle thrust was an allegation that defendant had recently learned that plaintiff's allegations in her complaint for divorce that she and defendant were married were fraudulent in that she in fact knew then that their purported marriage was invalid because she was not validly divorced from her prior husband. That divorce was alleged to have been obtained in Alabama at a time when plaintiff knew that neither party had proper residence or domicile there.

Defendant's contention is based on the theory that the invalidity of the divorce from the prior husband would invalidate her purported marriage to plaintiff which would in turn have deprived the court of subject matter jurisdiction in the instant divorce case.

■■ We do not find the allegations of the amended petition sufficient to set forth the invalidity of the Alabama divorce. The full faith and credit clause of the United States Constitution forbids a collateral attack in this State of an Alabama divorce decree by a party to that decree, raising the question of the domicile of the parties where the defendant to the Alabama case "[participated] * * * in the divorce proceedings, * * * [was] accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree" (*Sherrer v. Sherrer,* 334 U.S. 343, 351-352, 92 L. Ed. 1429, 1436, 68 S. Ct. 1087, 1091). When such a decree cannot be attacked in this State by a party, it cannot be attacked here by a stranger. *Johnson v. Muelberger,* 340 U.S. 581, 95 L. Ed. 552, 71 S. Ct. 474; *In re Estate of Day,* 7 Ill. 2d 348, 131 N.E.2d 50. The effect of the decisions of the courts of this State is to hold that

the defendant to the foreign decree will be held to have had sufficient participation and "opportunity to contest the jurisdictional issue" if the decree is not *ex parte*. *In re Day* involved a ruling by a trial court permitting a stranger to successfully collaterally attack a Nevada divorce decree on the grounds of lack of domicile of the parties. The defendant to that decree had appeared by counsel. Although affirming on other grounds, the Supreme Court ruled that the Nevada decree should have been accepted and stated:

> "* * * the *Sherrer* and *Coe* cases did not predicate their holdings upon the extent of defendant's activity in the divorce proceedings, but rather upon the fact that he entered an appearance and had the opportunity to contest the jurisdictional issues. It can hardly make a rational difference that the question of domicile is in fact vigorously contested. The extent of activity, contest or participation must vary in almost every case, and it is not in the interest of stability and permanency of divorce decrees, rights of property and other important rights dependent thereon, that such indefinite criteria determine the question of validity." 7 Ill. 2d 348, 353, 131 N.E.2d 50, 52-53.

In *Teich v. Teich*, 132 Ill. App. 2d 348, 356, 270 N.E.2d 525, 531, the wife had secured a divorce in Nevada in a proceeding where the husband had also appeared by counsel. The court held that the wife would not be permitted to collaterally attack the decree in Illinois on the basis of her lack of domicile in Nevada at the time of the entry of the decree. In citing *In re Day* the court noted that "once the appearance by counsel was established, the extent of activity in contesting the jurisdiction was immaterial." (132 Ill. App. 2d 348, 356.) In the instant case, a transcript of the Alabama proceeding attached to the amended petition shows that the defendant to that proceeding appeared by a *pro se* written entry of appearance. Since a defendant can appear and defend *pro se* and since the extent of the activities contesting jurisdiction are immaterial, the Alabama divorce cannot be collaterally attacked in Illinois if it could not be so attacked in Alabama.

In *Hartigan v. Hartigan* (1961), 272 Ala. 67, 128 So. 2d 725, a party was permitted to collaterally attack an Alabama divorce decree on the grounds that neither party had proper residency prior to its entry. In *Yerger v. Cox* (1967), 281 Ala. 1, 198 So. 2d 282, and *Weisner v. Weisner* (1968), 282 Ala. 626, 213 So. 2d 685, it was held that in an Alabama proceeding where the parties were nonresidents, a stranger to an Alabama divorce decree could not collaterally attack that decree on jurisdictional grounds when the decree was not void on its face and did not affect a right of the attacking party that was in existence at the time of the de-

cree. In the instant case defendant had no pre-existing rights at the time of plaintiff's Alabama divorce and that decree is not shown to be void on its face. That decree, therefore, would not have been subject to collateral attack by defendant in the State of Alabama.

■■ The trial court properly gave full faith and credit to the Alabama divorce decree and ruled that the allegations of the amended petition did not set forth a showing that the marriage of the parties was void.

■■ The amended petition also alleged that in order to get a large property settlement plaintiff made representations as to her health in relation to her ability to work and that she would never remarry. Defendant further alleged that he had recently learned that these representations were known by plaintiff to be false and that plaintiff was in fact working and had remarried. Allegations that an opposing party to a divorce case made representations to the court that she had no plans to remarry when she in fact did have plans to remarry and did so shortly thereafter have been held to be sufficient to support a petition to modify a divorce decree (*Roth v. Roth,* 45 Ill. 2d 19, 256 N.E.2d 838) and a petition to vacate or modify under section 72 (*Deahl v. Deahl,* 13 Ill. App. 3d 150, 300 N.E.2d 497). In order for fraudulent representations to be actionable, the injured party must have relied on them to his detriment. (*Roth.*) There was no allegation in the amended petition that defendant relied on any of the representations of plaintiff. Furthermore, the allegations of the representation of future marriage in the instant case were stated in terms of promises of future conduct rather than present intentions as in *Roth* and *Deahl.* Fraud must be pleaded with particularity (*Zickur v. Irmiger,* 15 Ill. App. 3d 805, 304 N.E.2d 635). The trial court's ruling that these allegations gave rise to no grounds for relief was also correct.

The decree filed June 21, 1972, disposing of alimony and property rights provided that defendant agreed to pay to plaintiff the sum of $90,000 in four installments and provided "the aforesaid payments shall constitute installment payments of a property settlement and shall not constitute alimony payments." The decree further provided that each of the parties waived alimony. The purported petition to modify alimony award characterized the installment payments as alimony and asked to be relieved from payment of the last installment because plaintiff had remarried and was gainfully employed. Defendant contends that although the agreement is designated a property settlement the court should hear evidence to determine whether or not it is really periodic alimony. In support of his argument he cites *Banck v. Banck,* 322 Ill. App. 369, 54 N.E.2d 577. In that case a divorce decree had provided for alimony in gross by installment payments. The trial court ruled that

the installment payments abated upon the remarriage of the recipient spouse. On review, a divided court affirmed holding that since the statute on divorce (Ill. Rev. Stat. 1941, ch. 40, par. 19) then in force provided that a party was not entitled to alimony after remarriage, the unpaid installments abate "[u]nless lawful provisions of the contract in question which becomes merged in the decree and the specific provisions of the degree itself, when so construed as a whole make it clear and unambiguous that the statutory provisions are not applicable \* \* \*." 322 Ill. App. 369, 381, 54 N.E.2d 577, 582.

■■  The opinion in *Walters v. Walters*, 409 Ill. 298, 99 N.E.2d 342, explains that as a result of the dissatisfaction with the effect of *Banck* on property settlement agreements section 18 (par. 19) was amended in 1949 and has since stated as follows:

"A party shall not be entitled to alimony and maintenance after remarriage; but, regardless of remarriage by such party or death of either party, such party shall be entitled to receive the unpaid installments of any settlement in lieu of alimony ordered to be paid or conveyed in the decree." (Ill. Rev. Stat. 1973, ch. 40, par. 19.)

The instant decree clearly and unambiguously stated that the installment payments were in settlement of property and not alimony. Even if they had been designated as being in lieu of alimony, no evidence could overcome the clear indications of the decree that the right to these installments was vested and not subject to a change in circumstances.

The parties stipulated in the trial court that if plaintiff is entitled to fees, the sum awarded was reasonable. The court may in its discretion award fees in a divorce proceeding for representation in matters occurring subsequent to the divorce decree (*Teich*). Their award here was proper.

The judgments from which appeal is taken are affirmed.

Affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.