Daniel Waite, Sr., appeals from the dismissal of his complaint, which sought to invalidate a divorce decree entered in 1960 by the Russell Circuit Court. We affirm.
 Facts and Procedural History
This action is the second action that the appellant, Daniel Waite, Sr., has filed against the appellee, Margaret Susan Helmondollar Waite, in the Russell Circuit Court, and this appeal marks the third appeal Daniel has filed in his actions against Margaret in Alabama.
The facts and procedural history of the first and second appeals are summarized in Waite v. Waite,891 So.2d 341, 341-2 (Ala.Civ.App. 2004), as follows:
"The record indicates that in 1960 Margaret and [Reese] Helmondollar obtained a divorce by a judgment (`the 1960 divorce judgment'[1]) of the trial court. [Daniel Waite, Sr.,] and Margaret married in 1968. Four children were born of their marriage. [Daniel] and Margaret now reside in Texas. It appears that [Daniel] and Margaret separated sometime in 1999, and Margaret initiated divorce proceedings in Texas.
"On December 28, 2001, [Daniel] filed a complaint in the trial court in which he alleged that at the time Margaret and [Reese] sought their divorce, neither party to the 1960 divorce judgment had satisfied the residency requirements for obtaining a divorce in Alabama. [Daniel] sought a judgment declaring the 1960 divorce judgment void. In his 2001 declaratory-judgment action, [Daniel] named only Margaret as a defendant. It appears from the record on appeal that in prosecuting the 2001 declaratory-judgment action, [Daniel] wanted to have the 1960 divorce judgment declared void to aid in his attempt to have his 33 year marriage to Margaret invalidated.
"Margaret moved to dismiss the 2001 declaratory-judgment action. In her motion to dismiss, Margaret alleged, among other things, that [Daniel] lacked standing to bring that action and that [Daniel] had failed to join certain indispensable parties. On February 8, 2002, the trial court entered a notation on Margaret's motion to dismiss indicating that it granted that motion. [Daniel] filed a postjudgment motion. The trial court conducted a hearing on [Daniel's] post-judgment motion, and it received ore tenus evidence. On May 16, 2002, the *Page 612 
trial court entered an order denying [Daniel's] motion to alter, amend, or vacate its February 8, 2002, judgment.
"[Daniel] appealed the trial court's judgment in the 2001 declaratory-judgment action to our supreme court.[1] On March 28, 2003, our supreme court affirmed the trial court's judgment in the 2001 declaratory-judgment action without issuing an opinion; the court cited Yerger v. Cox, 281 Ala. 1, 198 So.2d 282
(1967),[2] in its no-opinion affirmance. Waitev. Helmondollar (No. 1011686, March 28, 2003),881 So.2d 546 (Ala. 2003) (table).
"On August 21, 2003, after the supreme court issued its decision in Waite v. Helmondollar, supra, [Daniel] filed a second declaratory-judgment action in the trial court. The 2003 declaratory-judgment action was assigned to the same trial judge that had considered the 2001 declaratory-judgment action. In the 2003 declaratory-judgment action, [Daniel] named Margaret and [Reese] as defendants; in that action, he sought to have the 1960 divorce judgment declared void because, he alleged, the evidence presented during Margaret and [Daniel's] divorce proceedings in Texas established that the parties to the 1960 divorce judgment did not allege or prove the residency requirements necessary to invoke the jurisdiction of the court that entered the 1960 divorce judgment.
"On August 28, 2003, seven days after [Daniel] filed the 2003 declaratory-judgment action, the trial court, on its own motion, entered a judgment in favor of the defendants. The trial court cited the doctrine of res judicata in entering that part of its judgment in favor of Margaret and the doctrine of collateral estoppel in that part of its judgment in favor of [Reese].
 "[1] Apparently, neither party to the 2001 declaratory-judgment action contested the jurisdiction of the Alabama Supreme Court to hear that appeal, and neither party addresses that issue in this appeal. In any event, this court could not set aside a judgment of our supreme court. [Daniel] appealed the judgment in the 2003 declaratory-judgment action that forms the basis of this appeal to the supreme court, and that court transferred the appeal to this court on the basis that this court has appellate jurisdiction. But see Ex parte Galanos, 796 So.2d 390
(Ala. 2000); Evers v. Link Enters., Inc., 386 So.2d 1177 (Ala.Civ.App. 1980).
 "[2 In Yerger v. Cox, supra, the children of a decedent sought to have a divorce judgment obtained by the decedent's second wife, the children's stepmother, before her marriage to the decedent declared void. If the step-mother's divorce had been held void, thus invalidating the stepmother's marriage to the decedent, the children would have received a greater amount in military survivor benefit payments. All of the parties to the action were nonresidents of Alabama. Our supreme court held that the decedent's children, who were `strangers' to their stepmother's divorce judgment, could not seek to have that judgment declared void."
The Court of Civil Appeals reversed the trial court's dismissal of the 2003 declaratory-judgment action. The court reasoned:
 "The doctrines of res judicata and collateral estoppel are affirmative defenses, Rule 8(c), Ala. R. Civ. P.; Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So.2d 507, 516 (Ala. 2002), and do not affect a court's jurisdiction to consider an action. Affirmative defenses may be waived if they are not pleaded by a party against whom a claim is asserted. Rule 8(c), Ala. R. Civ. P.; Bechtel v. *Page 613 Crown Cent. Petroleum Corp., 451 So.2d 793
(Ala. 1984) (citing 2A J. Moore, Federal Practice § 8.273 at 8-251 (2d ed. 1948)). By its actions in the present case, the trial court, in essence, asserted the affirmative defenses of the doctrines of res judicata and collateral estoppel on behalf of the defendants and dismissed the matter based on those affirmative defenses.
 "After careful consideration, we find most persuasive the reasoning of the courts that have held that, although a trial court may dismiss an action on its own motion on a jurisdictional basis, affirmative defenses such as the statute of limitations or the doctrine of res judicata are not jurisdictional bases upon which a court may base a sua sponte
dismissal. See Lease Partners Corp. v. R J Pharmacies, Inc., [329 Ill.App.3d 69, 768 N.E.2d 54, 263 Ill.Dec. 294 (2002)]; Adams v. Inman, [892 S.W.2d 651 (Mo.Ct.App. 1994)]. Therefore, we must conclude that the trial court erred in dismissing the action, on its own motion, based upon affirmative defenses not asserted by the defendants."
891 So.2d at 343-44.
On May 21, 2004, following remand from the Court of Civil Appeals, Margaret filed another motion to dismiss. Among other things, Margaret argued that Daniel lacked standing to challenge the 1960 divorce decree.[2] On July 21, 2004, the trial court granted Margaret's motion to dismiss. The basis for the dismissal, however, is not apparent from the face of the trial court's order, which states:
 "1) [The] hearing held in this court in [the 2001 declaratory-judgment action] on April 22, 2002, was an adjudicatory hearing.
 "2) [Daniel] first learned in August 1970 of possible irregularities of [Margaret's] divorce from Reese. . . .
 "3) [Daniel] received legal advice in 1994 concerning [Margaret's] Russell County divorce from [Reese]. . . .
 "It is therefore, Ordered, Adjudged, and Decreed:
 "That defendant, Margaret Susan Helmondollar Waite's Motion to Dismiss is granted."
On August 19, 2004, Daniel filed two postjudgment motions: one requested the trial court, in accordance with Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate its judgment of dismissal; the other *Page 614 
sought relief under Rule 60, Ala. R. Civ. P. On October 13, 2004, the trial court denied Daniel's Rule 60 motion and set the Rule 59(e) motion for hearing on December 6, 2004.[3]
The trial court did not rule on Daniel's Rule 59(e) motion; it was denied by operation of law. Rule 59.1, Ala. R. Civ. P. Daniel filed a "renewed" Rule 60 motion on November 17, 2004; the trial court denied that motion on November 29, 2004. Daniel filed a timely notice of appeal.
 Standard of Review "`The standard of review of the grant of a motion to dismiss . . . was set out in Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993):
 "`"On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review . . . is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note that a . . . dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."'
 "Jacks v. Madison County, 741 So.2d 429, 430
(Ala.Civ.App. 1999) (citations omitted). In addition, `[m]otions to dismiss are rarely appropriate in declaratory judgment proceedings. Such a motion does, however, serve one purpose, that of determining whether the [complaint] states the substance of a bonafide justiciable controversy which should be settled.' Wallace v. Burleson, 361 So.2d 554, 555 (Ala. 1978) (citation omitted)."
Helms v. Barbour County, 914 So.2d 825, 828-29
(Ala. 2005).
 Discussion
Daniel's complaint in his declaratory-judgment action alleges that the 1960 divorce decree "is void on its face due to the fact that the residency requirements were neither alleged nor proved as then required under Title 34, §§ 27 and 29 of the Code of Alabama, 1940 and in fact it has since been proved through [Margaret's] testimony that the residency requirements were not met." Daniel attached to the complaint a copy of relevant documents from the 1960 divorce proceedings involving Margaret and Reese, including a bill of complaint filed by Margaret seeking divorce on the basis of voluntary abandonment, an answer and waiver filed by *Page 615 
Reese, an affidavit of Margaret, and the divorce decree.
In the bill of complaint for divorce Margaret filed in 1960, Margaret alleged that she was a "bona fide resident of the State of Alabama" and that Reese had voluntarily abandoned her for more than one year next preceding the filing of her complaint. In his answer and waiver in the 1960 divorce proceedings, Reese submitted to the jurisdiction of the Russell County Court.
Daniel contends that under Title 34, § 27, Ala. Code 1940 (Recomp.1958),[4] the trial court did not have subject-matter jurisdiction to enter the 1960 divorce decree and that the 1960 divorce decree therefore is "void on its face." We disagree.
Title 34, § 27, Ala. Code 1940 (Recomp.1958), provided:
 "No bill can be filed for a divorce on the ground of voluntary abandonment, unless the party applying therefor, whether husband or wife, has been a bona fide resident citizen of this state for twelve months next preceding the filing of the bill which must be alleged in the bill and proved; provided however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action."
(Emphasis added.) Under this Code provision, therefore, before a bill of complaint could have been filed seeking a divorce on the basis of voluntary abandonment, the complainant (such as Margaret) ordinarily was required to have been "a bona fide resident citizen" of Alabama for the 12 months preceding the filing of the bill of complaint. However, the statute included an exception to the 12-month residency requirement; that exception, found in the proviso in § 27 emphasized above, applied when the court had jurisdiction of "both parties to the cause of action."
In Jennings v. Jennings, 251 Ala. 73, 36 So.2d 236
(1948), this Court construed an identically worded proviso found in Title 34, § 29, Ala. Code 1940. Section 29 provided:
 "When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved; provided however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action."
(Emphasis added.) Because the Jennings Court recognized that at least one spouse must be domiciled within Alabama for the State to have jurisdiction over the marital status (or res), the Court construed the emphasized proviso in § 29 as having an implied requirement that at least one party to the divorce be domiciled within the State.251 Ala. at 74-75, 36 So.2d at 237-38. Thus, in Jennings, this Court held that the trial court did not have jurisdiction to enter a decree of divorce when neither party was an Alabama resident. 251 Ala. at 75, 36 So.2d at 238.
In Gee v. Gee, 252 Ala. 103, 39 So.2d 406 (1949), this Court applied the interpretation given the § 29 proviso inJennings to the proviso found in § 27.Gee held that the proviso in § 27 required that for a court to have jurisdiction over the parties' marriage, it must be alleged and proved that one of the parties was domiciled in Alabama. 252 Ala. at 105, 39 So.2d at 408 *Page 616 
("It is not sufficient to make the allegation [of domicile] without satisfactory proof of such citizenship. . . . There must not only be evidence of such domicile, but it must be sufficient to satisfy the court of the truth in fact of such domicile."). Daniel relies on Gee for his assertion that the 1960 divorce decree is void on its face because, he contends, Margaret failed to "prove" in the 1960 divorce proceedings that she resided in Alabama.
Daniel also relies on Hartigan v. Hartigan,272 Ala. 67, 128 So.2d 725 (1961). In Hartigan, a former husband and wife appeared together in 1960 in proceedings before the trial court that had entered a decree divorcing them in 1954. The former husband sought a modification of the alimony provision of the divorce decree. During the 1960 proceedings, the former wife testified, without objection from the former husband, that the parties had never been residents of Alabama and that they had agreed to fraudulently allege residency in Alabama to obtain the 1954 divorce decree. 272 Ala. at 69-71,128 So.2d at 727-28. Following the former wife's testimony, the trial court on its own motion vacated the 1954 divorce decree. On appeal, this Court upheld the trial court's setting aside of the 1954 decree. 272 Ala. at 76, 128 So.2d at 733.
Although Hartigan held that the trial court had the power to set aside the 1954 decree ex mero motu when both parties to the 1954 decree were physically present before the court and when the undisputed evidence showed conclusively that the decree had been obtained by fraud, Hartigan did not confer standing upon a nonparty, such as Daniel, to challenge a final decree or judgment when the decree or judgment is not void on its face and did not affect any right of the nonparty at the time it was rendered. Two decisions of this Court issued subsequent to Hartigan make it clear that Daniel does not have standing to bring an action challenging the 1960 divorce decree: Aiello v. Aiello, 272 Ala. 505,133 So.2d 18 (1961), and Yerger v. Cox, 281 Ala. 1,198 So.2d 282 (1967).
In Aiello, John Aiello initiated proceedings in which he sought "to nullify a divorce decree rendered in the same court some 9 years and 9 months earlier [in 1948], and further, to nullify [his] purported marriage [to Jane Aiello]."272 Ala. at 508, 133 So.2d at 19. John alleged that Jane's 1948 divorce decree, to which John was not a party, had been obtained by fraud. Specifically, John alleged that Jane had never been a bona fide resident of Alabama, and John argued "that the decree of 1948 is void on its face [because] `the only proof offered the court below as to residence or domicile were the two short statements contained in [Jane's] petition and in the testimony before the Commissioner." 272 Ala. at 508, 133 So.2d at 19. The "two short statements" John challenged were Jane's assertion in her petition that "[t]he Complainant is over the age of 21 years and is a bona fide resident of Birmingham, Alabama, Jefferson County" and Jane's testimony before the Commissioner that "I am over twenty-one years of age and I reside in Birmingham, Jefferson County, Alabama." 272 Ala. at 508, 133 So.2d at 20.
The Aiello Court held that "[t]he insufficiency of evidence to support a final decree does not make the decree void on its face" and therefore the decree at issue inAiello "was not made void on its face by lack of proof of residence." 272 Ala. at 510, 509, 133 So.2d at 21. The Court examined Hartigan and pointed out that the decree inHartigan was supported by testimony "not more efficacious to prove residence *Page 617 
than is the instant testimony [in Aiello.]"[5]272 Ala. at 509, 133 So.2d at 20. Even so, the Hartigan
Court had noted that the decree there "`admittedly was not void on its face.'" 272 Ala. at 509, 133 So.2d at 20 (quotingHartigan, 272 Ala. at 72, 128 So.2d at 729).
Likewise, the evidence of Margaret's residency in the 1960 divorce proceedings is no less efficacious to prove residency than was the evidence supporting the allegations of residency inHartigan and Aiello. Margaret's bill of complaint for divorce alleged that she was "a bona fide resident of the State of Alabama" and that she was "over the age of eighteen years," and there was sworn testimony from a witness, Alice Allen, that Margaret was a bona fide resident of Russell County, Alabama.
It is of no consequence that the record from the 1960 divorce proceedings does not show that Margaret alleged or proved that she had been a resident of Alabama for the 12 months preceding the filing of the complaint. Both Margaret and Reese submitted to the jurisdiction of the trial court; therefore, the proviso of Title 34, § 27, Ala. Code 1940 (Recomp.1958), applied. In accordance with that proviso, as construed in Jennings
and Gee, Margaret did not have to allege or prove that either she or Reese had been a resident of Alabama for the 12 months preceding the filing of the bill of complaint; instead, all that was required was that she allege and prove that one of them was domiciled in Alabama. See Gee,252 Ala. at 105, 39 So.2d at 408 ("It is our view that if the court has jurisdiction over the [marriage] because the respondent is a resident of Alabama, it would be immaterial by virtue of the proviso [in Title 34, § 27, Ala. Code 1940] whether complainant was such a resident when the bill was filed, or that he had been for twelve months."). See also Note,Migratory Divorce: The Alabama Experience, 75 Harv. L.Rev. 568, 570 (1962) ("Passing on the [proviso's] validity, the Alabama supreme court held that although mere acquisition of jurisdiction over the parties could not confer upon a court power to grant a divorce, the [proviso] would be given effect asobviating the necessity of proving a year's residence, withthe result that only domicile need be shown.") (emphasis added; footnote omitted). Thus, according to Aiello, because the record of the 1960 divorce proceedings shows that Margaret alleged that she was domiciled in Alabama, the 1960 divorce decree is not void on its face. Aiello,272 Ala. at 509, 133 So.2d at 21.
Yerger stands for the proposition that, because the decree is not void on its face, Daniel does not have standing to bring an independent challenge to the validity of the 1960 divorce decree.[6] In Yerger, this *Page 618 
Court held that "a collateral attack against a decree of divorce rendered in Alabama cannot be maintained in our courts when that attack is instituted against nonresident parties by nonresident strangers to the original divorce proceedingswhen the decree is not void on the face of theproceedings." 281 Ala. at 5, 198 So.2d at 286 (emphasis added).
Daniel argues that Yerger is distinguishable for two reasons. First, he contends that there was no allegation inYerger that the divorce decree at issue in that case was void. However, the appellants in Yerger argued that the divorce decree was void, but this Court rejected their argument. 281 Ala. at 4, 198 So.2d at 285 ("Appellants argue that they show the divorce decree was void because [the evidence of residency in the decree at issue] was insufficient to prove the jurisdiction averment of domicile. . . . This identical argument was made and rejected in Aiello v. Aiello,272 Ala. 505, 133 So.2d 18, and need not be repeated here.").[7]
Daniel also argues that Yerger is distinguishable because of what Daniel characterizes as an admission by Margaret in the 2001 declaratory-judgment action that she fraudulently alleged residency in the 1960 divorce proceeding. Daniel contends that in Yerger "there was no testimony in open court that [either of the parties to the divorce decree] admitted their fraud upon the court." (Daniel's brief, p. 32.)
Daniel insists that Margaret's alleged admission of fraud in the 2001 declaratory-judgment action means thatHartigan, rather than Yerger, is controlling authority for his case. In particular, Daniel relies on the following language from Hartigan:
 "`[I]f the parties admit or stipulate, or fail to object to the evidence of, the facts showing a lack of jurisdiction, it is then established that the judgment is void as effectively as though shown by the record, and whenever such fact is brought to the attention of the court, it is the duty of the court to so declare as a matter of law;'"
272 Ala. at 73, 128 So.2d at 730 (quoting Freeman onJudgments § 375a). Thus, Daniel argues that the trial court must set aside the 1960 divorce decree as void. We disagree.
This Court in Aiello emphasized that Hartigan
was restricted to those situations in which "both parties to the prior decree were present in court, and, without objection by either party, facts were established to show the fraud practiced on the court and that the court did not have jurisdiction when the prior decree was rendered." Aiello,272 Ala. at 509, 133 So.2d at 21. Even if Margaret admitted, as Daniel alleges, that she was not domiciled in Alabama at the time of the 1960 divorce proceedings, both parties to the 1960 divorce decree were not before the trial court. Consequently,Hartigan is distinguishable.
Daniel was not a party to the 1960 divorce decree, and he has not alleged that he had any rights that were or could have been affected by the 1960 divorce decree at the time it was rendered.See Yerger, 281 Ala. at 5, 198 So.2d at 286 ("The bill does show that the complainants are strangers to the decree, that they occupied no status and had no rights which were or could have been affected by the decree at *Page 619 
the time it was rendered. No right attempted now to be asserted was acquired by either the complainants or their father, the second husband, prior to the rendition of the decree.");Aiello, 272 Ala. at 510, 133 So.2d at 22 ("[John Aiello] was not a party to the divorce [decree he sought to have invalidated]. We do not think he possessed, at the time the divorce decree was rendered, any right which was adversely affected by that decree. It does not appear that he stands in privity with either party to the divorce suit. He cannot derive any right from the respondent, the woman he purportedly married in 1950, because, if the 1950 marriage is void as he says it is, then no right could pass to him by a void marriage; and, if the marriage be not void, then he is still the husband of respondent and cannot have their marriage annulled, as he seeks to have done by this suit.").[8] For those reasons, and because the 1960 divorce decree is not void on its face, Daniel does not have standing to bring an independent challenge to the 1960 divorce decree. Yerger, 281 Ala. at 5, 198 So.2d at 286
("We hold that a collateral attack against a decree of divorce rendered in Alabama cannot be maintained in our courts when that attack is instituted against nonresident parties by nonresident strangers to the original divorce proceedings when thedecree is not void on the face of the proceedings." (emphasis added)).[9]
 Conclusion
The trial court's dismissal of Daniel's complaint is affirmed.
AFFIRMED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, BOLIN, and PARKER, JJ., concur.
[1] The Alabama Rules of Civil Procedure, adopted effective July 1973, modernized terminology so that a "decree" is now referred to as a "judgment." However, because the divorce proceedings at issue here were final before the adoption of the Alabama Rules of Civil Procedure, we refer to the decree entered by the Russell Circuit Court in 1960 as "the 1960 divorce decree,"
[2] As we discuss, even though the basis for the trial court's dismissal is not clear, we affirm because we conclude that Daniel lacks standing to challenge the 1960 divorce decree. We note that Margaret raised the issue of standing in her motion to dismiss. However, even if Margaret had not raised standing in her motion to dismiss, this Court could consider ex mero motu whether Daniel has standing to bring his lawsuit. Dunningv. New England Life Ins. Co., 890 So.2d 92, 97 (Ala. 2003) ("`"Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation."National Org. for Women, Inc. v. Scheidler,510 U.S. 249, 255 (1994). "`[L]ack of standing [is] a jurisdictional defect.'" State v. Property at 2018 Rainbow Drive,740 So.2d 1025, 1028 (Ala. 1999) (quoting Tyler House Apartments,Ltd. v. United States, 38 Fed.Cl. 1, 7 (Fed.Cl.1997)). "[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987).'") (quoting Ex parte Fort James Operating Co.,871 So.2d 51, 54 (Ala. 2003)).
Margaret also argued that Daniel had failed to join indispensable and necessary parties, that he was seeking to "bastardize" the children born of his marriage to Margaret and any children born of a subsequent marriage of Reese, and that the doctrines of res judicata and collateral estoppel barred his actions against her and against Reese.
[3] On October 18, 2004, Margaret filed a motion requesting leave to file an amended motion to dismiss asserting additional grounds. Margaret attached to her motion a copy of Waite v.Waite, 150 S.W.3d 797 (Tex.App. 2004), an opinion issued by the Court of Appeals of Texas on October 5, 2004, in Margaret's divorce litigation with Daniel. Margaret argued to the trial court that the Texas opinion showed that Daniel had taken what she contended were inconsistent legal positions regarding his marriage to her and that by accepting assets awarded to him by the trial court in his Texas divorce proceedings, Daniel had accepted the authority and jurisdiction of the Texas courts to issue a judgment of divorce for his marriage to Margaret. Consequently, Margaret argued that the Texas divorce judgment "is entitled to full faith and credit and is res judicata with respect to whether or not [Margaret] was legally married and legally divorced." On October 19, 2004, the trial court purported to grant Margaret's motion for leave to amend her original motion to dismiss. On October 29, 2004, Daniel filed an objection and response to Margaret's motion for leave to amend her motion to dismiss to add additional grounds, but the trial court overruled Daniel's objection.
[4] The divorce proceeding Daniel is contesting predates the effective date of the Alabama Code 1975.
[5]
 In Hartigan, the complainant had testified, "`. . . I am a bona fide resident citizen of Birmingham, Jefferson County, Alabama, and have been for more than a year next preceding the filing of this bill of complaint. The respondent is also over the age of twenty-one and is a resident citizen of this county and state. I live at 247-Kent Drive, Birmingham, Alabama. . . ."
Aiello, 272 Ala. at 509, 133 So.2d at 20. In addition, there was testimony in Hartigan from a witness as follows:
 "`. . . I know both the parties to this cause and that they are each over twenty-one years of age and are resident citizens of Birmingham, Jefferson County, Alabama, and have been such residence (sic: residents) for more than one year next preceding the filing of this bill of complaint. She lives at 247 Kent Drive, Birmingham, Alabama, and he is in the Western part of the city. I do not know his exact address.'"
Aiello, 272 Ala. at 509, 133 So.2d at 20.
[6] This Court's no-opinion order of affirmance in Daniel's appeal of his 2001 declaratory-judgment action citedYerger.
[7] Presumably, Daniel means that there was no allegation inYerger that the decree was void on its face.
However, we have concluded that the 1960 divorce decree is not void on its face; therefore, Yerger is not distinguishable on that basis, particularly because Daniel makes precisely the same void-on-its-face argument this Court rejected in Aiello and Yerger.
[8] Daniel's failure to allege that he had any rights that were or could have been affected by the 1960 divorce decree at the time it was rendered distinguishes his case from decisions such as Wilson v. Minor, 220 F.3d 1297, 1301-04 
n. 11 (11th Cir.2000), and Dillard v. Baldwin CountyCommissioners, 225 F.3d 1271, 1282 (11th Cir.2000).Wilson and Dillard involved collateral attacks on orders issued by federal district courts to remedy violations under the Voting Rights Act of 1965, 42 U.S.C. § 1973 et seq. The individuals seeking relief from the remedial orders had not been parties to the original proceedings that had resulted in those orders; even so, they had standing to challenge those orders because, among other reasons, they alleged that the remedial orders affected their rights. Dillard,225 F.3d at 1273-74; Wilson, 220 F.3d at 1301.
[9] Daniel argues that an application of Yerger that would deny him standing to challenge the 1960 divorce decree on the basis of his status as a nonresident would violate the United States Constitution. See, e.g., U.S. Const. art. IV, § 2 ("The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."); U.S. Const. amend. XIV, § 1 ("No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. . . ."). DespiteYerger's apparent emphasis on the status of the plaintiffs there, however, we do not think that their status as nonresidents is essential to Yerger's central holding. Rather, we read Yerger (and Aiello) as denying standing to Daniel because (1) Daniel was not a party to the 1960 divorce decree; (2) the 1960 divorce decree is not void on its face; and (3) Daniel has not alleged that he had any rights that were or could have been affected by the 1960 divorce decree at the time it was rendered. *Page 620