158 So.2d 909

Edward Lee **DONALD**

v.

Robert Ray **MATHENY, pro. ami.**

3 Div. 38.

Supreme Court of Alabama.

Dec. 12, 1963.

53

Poole & Poole, Greenville, for appellant.

**54**

W. J. Williamson, Greenville, for appellee.

PER CURIAM.

Appellee, a minor, while driving a motorbike, and appellant, while driving an automobile, were involved in a collision between the two vehicles at a street intersection in Greenville, Alabama, culminating in a suit for damages by appellee, suing by his next friend, and father, with judgment in favor of plaintiff for $10,000.00 on a count alleging negligence. This appeal is to review the trial proceedings, including the motion for a new trial, which the court denied.

Plaintiff, with a white companion on the rear seat of his bike, was traveling east on Palmer Street, down a slight grade, and defendant north on Oglesby Street, when the two vehicles collided slightly south of the middle of the intersection.

Plaintiff's evidence tended to show that before he reached the intersection, he threw his motorbike into second gear, proceeding down grade at the rate of about ten miles per hour while passing a group of negro adults and children congregated on the street; that, just before he reached the intersection where the collision occurred, he threw the bike into high gear and was

not proceeding more than 25 miles per hour at the time of the impact. Plaintiff's passenger essentially corroborated plaintiff.

Plaintiff further testified that he did not see defendant's automobile until it was in the intersection right in front of him just before the impact. He further testified that he swerved his motorbike slightly to the left, the front wheel hitting the automobile on the left side about the hinges of the front door.

Plaintiff and his rider were both thrown to the ground over the hood of the automobile. The rider sustained only slight injuries, while plaintiff's were more serious and required hospitalization and extended medical treatment.

It was undisputed that the entrances to Palmer Street from Oglesby Street were controlled by lawful "stop" signs, placed there pursuant to § 21, Title 36, Code of Alabama, 1940, and that pursuant to said section, Palmer Street, upon which plaintiff was traveling, was a main traveled or through highway.

The medical evidence for plaintiff established without dispute that appellee sustained a fracture of the right femur, that is, the bone (and only one) from the right hip to the knee; also he had several small lacerations or cuts. He also had a laceration six inches in length on his right elbow, and another through the subcutaneous tissue muscle of the left knee, and a contusion of the left ankle.

The medical witness, a competent physician and surgeon, testified that he "operated on the leg * * * opened it on the side and put the ends of the bone together, made an incision up at the top of it and put a pin in it to hold it." This pin went the length of the bone. The patient was hospitalized from May 24 to June 14. The laceration of the knee went through the skin down to the tendon.

It further appears from the evidence that the plaintiff, after release from the hospital, used crutches until shortly after August 3.

On January 8, the pin was removed from the bone.

The plaintiff testified as to the pain and suffering and the physical impediments he endured. Delineation of this testimony we deem unnecessary. All the injuries were of temporary duration. As a normal rule, the physician testified, it would take about two years for the plaintiff to get completely over the bone fracture.

The evidence of defendant tended to show that he brought his automobile to a complete stop in obedience to the sign on Oglesby Street, looked both east and west for approaching motorists, and observing none, he proceeded to enter the intersection. When he was about the middle of the intersection, plaintiff drove his motorbike into the side of the automobile which defendant was driving. He further stated that he offered to render assistance to the injured parties pending the arrival of an ambulance to carry plaintiff away. The tendency of defendant's evidence, and that of his witnesses, was to disclaim negligence, as alleged in the complaint, and to deny any fault with respect to the collision.

Emmie Sue Lyman a negro witness for defendant, testified as to the relative positions of the vehicles before and at the time of the collision, and that defendant stopped his automobile after the front end was slightly in the intersection; that he proceeded toward the center of the intersection when the crash came. Also, she testified that she had been subpoened by both sides, and that prior to the trial she had been interviewed on the subject of the collision by attorney for the plaintiff. She denied having made certain statements to the attorney as to her whereabouts on Palmer Street about the time of the collision.

The trial court denied defendant's request for the affirmative charge with hypothesis and submitted the case to the jury on plaintiff's allegation of negligence proximately causing his injuries; also, the court submitted to the jury defendant's plea that plaintiff was guilty of negligence that proximately contributed to his injuries.

The court, in the course of its oral charge, charged the jury in conformity to a like statement of law pronounced by this court in the case of Smith v. Lawson, 264 Ala. 389, 88 So.2d 322(3, 4). The charge was as follows:

"* * * If at an intersection one street is what is commonly called a through-street, that is, one traveling the same has the right-of-way over one approaching the intersection on the other street, it is the duty of the one approaching the through-street to exercise a degree of care commensurate with the superior right of the other, to observe the vehicle of the other, his speed, position, and operation, and to wait until it has passed before attempting to cross the intersection. Observation should be made at the first opportunity and at a point where observation will be reasonably efficient for and conclusive to protection and from the failure to do so negligence may be inferred."

█ █ Under the evidence in this cause, we think the issue of negligence on the part of the defendant and of the plaintiff, together with the relative questions of proximate cause, was properly submitted to the jury for decision, and that the trial judge correctly refused defendant's request for the affirmative charge with hypothesis. It was for the jury to determine if the defendant obeyed the rules of conduct which the trial judge, in the foregoing excerpt, correctly stated was the law applicable to the instant case.

█ Appellant contends that there was a variance between the averment in the count submitted to the jury, namely, that the defendant allowed or permitted his "said automobile to run over, upon or against said motor vehicle," and the proof, which shows that plaintiff's motorbike ran into the side of defendant's automobile.

It is our opinion that this contention of appellant is without merit. The case of International Harvester Co. v. Williams, 222 Ala. 589, 133 So. 270, is decisive of this insistence. We quote therefrom as follows:

"Another contention is that there is a material variance between the averments and the proof. The basis of this contention is that the complaint avers that defendants' agents or servants negligently caused the truck 'to run upon or against' the said Elgin Williams, while the proof is that Elgin ran against the truck. The evidence is without dispute that the truck was moving forward when it came in contact with the boy, and though the boy was also moving forward, at right angles with the course of the truck, nevertheless the truck, in a sense, ran against the boy. To justify a recovery it was not necessary that there should be an exact correspondence between the averments and the proof—the plaintiff had the burden of proving the substance of the issue. * * *"

Plaintiff's counsel, in his argument to the jury, observed: "Due to the breed of the race, we were afraid she would change her testimony, which she did." This reference was to Emmie Sue Lyman, a negro witness introduced by defendant.

Appellee, in his brief, admits that this statement was made by his counsel in the course of his argument, but contends that it was in reply to an argument by counsel for appellant.

█ This effort on the part of appellee to justify that remark of his counsel, as aforequoted, is not referable to the record here by which this court is bound. Campbell v. Davis, 274 Ala. 555, 150 So.2d 187(8); Gorum v. Samuel, 274 Ala. 690, 151 So.2d 393(1). Hence, we pretermit consideration of the stated justification.

We consider the argument as an eradicable attempt, whether consciously or unconsciously done, to array race against race. The plaintiff was a white person; also a passenger on the back of the bike was white. The defendant was a negro; likewise, his passenger was of the same color. This, in

addition to the negro witness, Emmie Sue Lyman, who testified that she saw the collision.

The implication was that the witness, Emmie Sue Lyman, *because of her breed or being of the negro race*, could not be depended on to tell the truth. The same implication applied with equal force to appellant and his passenger. The argument tended unfavorably to contrast the negro race with the white race for truth and veracity.

The court sustained defendant's objection to the argument. No further action was invoked by the defendant and the court did not ex mero motu say anything else to the jury with respect thereto.

In the case of C. C. Hooper Cafe Co. v. Henderson, 223 Ala. 579, 137 So. 419, wherein counsel's improper argument was made the basis of a motion for a new trial, this court observed as follows:

"The objection to the argument was sustained, and defendant made no motion to have it withdrawn, nor to have the jury properly admonished and instructed by the court. A party who invokes no further action by the court, thereby indicating his satisfaction, cannot complain of the court's failure to do what he was not asked to do. Whether this case is within the exception to the above rule, namely, a case calling for a new trial on the ground of ineradicable injury, the necessities of the case do not require us to decide. We have thus written by way of caution to attorneys in the conduct of causes."

■ The appellate courts of this state scrutinize very carefully the injection of any issue, by argument or otherwise, that is calculated to create in the minds of the jury ineradicable bias or prejudice that factorially motivates a verdict. No objection thereto is necessary at the time, nor is a motion for a mistrial necessary, to preserve the point. Presentment by motion for a new trial is sufficient. Colquett v. Williams, 264 Ala. 214, 86 So.2d 381(1); Feore

v. Trammel, 212 Ala. 325, 102 So. 529(3). Although not specifically stated, there are other cases of this court to the same effect. Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 480, 16 So. 538, 540 and Birmingham Ry., Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876, 880, Ann.Cas. 1914C 1037. For an interpretation of these cases, see Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 287, 61 So. 80, 84(12).

We further observed in the case of Birmingham Railway, Light & Power Co. v. Gonzalez, supra [61 So. 80(13)], as follows:

"Upon a very full consideration of the two statements heretofore pointed out as improper, we cannot say, from the dim light afforded by the record, that they were, as made, either *grossly* improper or *highly* prejudicial. Each case of this character must be decided upon its own merits. There is no horizontal rule by which these qualities can be ascertained in all cases. Much will depend upon the issues, the parties, and the general atmosphere of the particular case. The final test is: Can the prejudicial tendency or effect of the improper statement be counteracted by an appropriate instruction from the trial judge, or is it probably beyond the reach of such remedial action?"

■ We disagree with appellant's insistence contained in ground 21 of his motion for a new trial, assigned as error, that this observation of counsel for plaintiff in his argument "was so prejudicial, and the effect of such prejudice so ineradicable in the minds of the jury, as to result in an unfair and prejudicial verdict against the defendant." The argument was improper, but not incurable. Objection of defendant thereto was sustained, and no further action on the part of the court was invoked. C. C. Hooper Cafe Co. v. Henderson, supra.

■■ Nor can we attach error to the remarks because, as appellant contends, there was at the time of the trial a general atmosphere of hostility toward negroes in

**58**

areas of the State, due to racial tension brought about by the activities of certain named persons. We have no judicial knowledge of conditions existing in Butler County at the time of this trial. The trial judge was at the time, and is now, a resident citizen of the County, was, and is, well acquainted with racial atmosphere and conditions existing in his home county. He also was in position to evaluate the effect of the argument on the jury in the light of existing conditions during the trial. We accede to his enlightened knowledge of the racial conditions then existing and defer to his judgment in overruling the motion based in part as it was on ground 21, supra. Further, the amount of the verdict in the light of plaintiff's injuries does not indicate that the jury was influenced by passion or prejudice.

We are not in accord with appellant's contention that ground 20 of his motion for a new trial, assigned as error, has merit. This ground is as follows:

"The ingenious injection of the race issue into the trial of the case by repeated references to the fact that defendant was a negro, that he lived in Tuskegee, and the repeated insinuations, contrary to the evidence, that the defendant was 'in a hurry to get home' created an atmosphere of prejudice against the defendant to the extent that the defendant was not accorded a fair and impartial trial by the jury trying the case."

There was evidence adduced by defendant's counsel that defendant at the time lived in Tuskegee, Alabama, and was engaged as an Assistant Teacher Trainer in Agricultural Education, employed by the Department of Education of Alabama, and stationed in Tuskegee. The defendant further testified that at the time of the accident he was enroute home. On cross-examination, defendant was asked the question and he answered as follows:

"Q. You were in a hurry to get home, weren't you?

"A. Well, we weren't rushing, because—

"Q. You were going home?

"A. We were going home."

■ We think the argument of counsel for plaintiff that the defendant "lived in Tuskegee," and was "in a hurry to get home," was within factual bounds of the testimony and the inference that might be drawn therefrom.

■ Another ground of the motion is that the award of the jury is excessive. The cases cited by appellant were decided at the time when the purchasing power of the dollar was far in excess of that power at the present time. Due recognition of the economic changes and the unwillingness of this court to accept as a criterion of present awards the amounts heretofore considered ample compensation is reflected in the case of Southern Railway Company v. Stallings, 268 Ala. 463, 107 So.2d 873 (1–4) (decided Nov. 6, 1958). We quote therefrom as follows:

"When this court has before it a question of excessiveness of a jury's verdict there are certain well-established rules which control our review. As said in Louisville & Nashville Railroad Co. v. Tucker, 262 Ala. 570, 581, 80 So.2d 288, 298:

" 'This court has laid down the principle that a verdict will not be disturbed as excessive where the trial court has refused to disturb the amount unless so excessive as to indicate passion, prejudice, corruption or mistake. Montgomery City Lines, Inc., v. Davis, 261 Ala. 491, 74 So.2d 923. And we have held that the correctness of a jury's verdict is strengthened when the presiding judge refuses to grant a new trial. Simpson v. Birmingham Electric Co., 261 Ala. 599, 75 So.2d 111; Gulf, Mobile & Ohio R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449. Furthermore this court has said that, "Where, there was evidence which, if believed,

:authorized the verdict [this court] will not reverse a judgment refusing a new trial." Montgomery City Lines, Inc., v. Davis, supra [261 Ala. 491, 74 So. 2d (923) 926]; Union Central Life Ins. Co. v. Guffin, 232 Ala. 254, 167 So. 321; Ray v. Richardson, 250 Ala. 705, 36 So.2d 89; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725.

\* \* \* \* \* \*

"'Our cases consistently hold that the present value of a dollar as compared with its value in former years must be considered in determining whether the amount awarded by a jury is excessive. Birmingham Electric Co. v. Thompson, 251 Ala. 465, 37 So.2d 633; Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830; Magic City Bottling Co. v. Tolbert, 34 Ala. App. 516, 41 So.2d 619.'"

 Applicable here, are the comments of this court in the same case as follows:

"Considering the elements of damage and 'remembering that the authority vested in courts to disturb the verdict of a jury on the ground of excessive damages is one which should be exercised' with great caution' (Louisville & Nashville Railroad Co. v. Tucker, supra), we are constrained to hold that the trial court's refusal to set aside the verdict on the ground of excessiveness should not be interfered with. We are unable to say that the amount of the verdict is the result of passion, prejudice, partiality or corruption on the part of the jury, especially in view of the trial court's refusal to set the verdict aside after hearing the evidence."

We have examined and considered the other assignments of error that have been adequately argued in compliance with our rules, and we fail to find any error upon which reversal of the judgment in this case could be predicated. Because no prejudicial error to reverse has been assigned,

we think the judgment should be affirmed. It is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.