WRIGHT, Presiding Judge.
This is an appeal from the denial of a motion for a new trial in an action for damages arising from an automobile accident. We affirm.
Our review of the record shows this to be a usual automobile collision case in which the testimony as to how the accident occurred is in sharp conflict. We see no benefit in relating the conflicting evidence.
Suits were filed by the driver of the automobile and by her daughter who was a passenger. The cases were consolidated for trial. They are consolidated on appeal. The jury returned a verdict in favor of defendant in the case of the mother-driver. Verdict was returned in favor of the daughter and her damages assessed at $850.
There are two issues stated on appeal. The first issue, though stated on behalf of both plaintiffs, can only be applied to the case of the driver. The issue stated is that a new trial should have been granted because the verdict was contrary to the preponderance of the evidence. The argument in brief and orally before the court was addressed to the matter of liability, contributory negligence and subsequent negligence.
The daughter, having received a verdict at the hands of the jury could have no right to a new trial on the basis of those matters. On appeal by the winning party, the court does not consider any ruling or action of the trial court bearing on the liability of the losing party not affecting the amount of damages. Anderson v. Kemp, 279 Ala. 321, 184 So.2d 832 (1966); King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495 (1970). Therefore, issue number one is considered only in relation to the appeal of the driver.
In view of the verdict in favor of plaintiff-passenger, it must be concluded that the jury determined defendant guilty of negligence. In view of the verdict in favor of defendant and against plaintiff-driver, it must be concluded that the jury found the driver to have been contributorily negligent. Therefore, the question available to plaintiff-driver is whether there is evidence to support the plea of contributory negligence.
There was evidence that plaintiff-driver changed lanes without warning as defendant prepared to pass and that defendant collided with rear of plaintiff’s automobile. This evidence was sufficient for the jury to have determined plaintiff guilty of contributory negligence and render a verdict for defendant. In such a case, judgment refusing a new trial will not be reversed. Donald v. Matheny, 276 Ala. 52, 158 So.2d 909 (1963). The correctness of the verdict is strengthened by the denial of a motion for new trial. Prescott v. Martin, 331 So.2d 240 (Ala.1976).
The second issue presented is stated in brief as follows:
“Whether or not the court erred in failing to grant plaintiff’s motion for new trial based upon the jury’s verdict being inadequate, unjust and wrong and against the totality of facts upon consideration of contributory negligence and last clear chance doctrines.”
We are candid in saying that there appears more than one issue in this statement. It appears to charge that the verdict in favor of plaintiff-passenger was inadequate and unjust. However, we are unable to discern how the consideration of contributory negligence and last clear chance doctrines affected the amount of the verdict in favor of the plaintiff. Had those doctrines been considered at all by the jury as applicable to the plaintiff-passenger’s case, it would have been contrary to the charge of the court and the verdict would not have been in favor of the plaintiff. The argument in brief on this issue is as to the issue of liability and such argument is not appropriate to the issue of adequacy of damages. Anderson v. Kemp, supra.
*750 We find no support for the issues presented in fact nor in the law. We therefore find no error below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.