This is an unusual case and one of first impression which requires this court's consideration of Rule 42 (a) of the Alabama Rules of Civil Procedure.
The matter began with an assessment of sales and use taxes by the State Department of Revenue against Link Enterprises, Inc. From final assessment, Link paid the assessment and appealed to the Circuit Court of Montgomery County. At about the same time, Link filed a declaratory judgment suit against H. Ray Evers, et al. (hereinafter referred to as Evers), seeking a declaration that in the event the tax assessments against Link were upheld by the circuit court, Evers was liable to Link for the amount of the assessment under the principle of unjust enrichment.
All of the assessment cases of Link were consolidated upon motion of the State. Link moved for consolidation of the assessment cases and its suit for declaratory judgment against Evers. The State vigorously opposed consolidation, contending that the appeal of a tax assessment was a purely statutory action to which only the State and the taxpayer could be parties. Reliance of the State was upon authority of cases of this court and our supreme court. Those cases are: State v.Aluminum Ore Co., 263 Ala. 422, 82 So.2d 800 (1955); BirminghamVending Co. v. State, 251 Ala. 584, 38 So.2d 876 (1949); Statev. Colonial Refrigerated *Page 1179 Transportation, Inc., 48 Ala. App. 46, 261 So.2d 767 (1971),affirmed, 288 Ala. 433, 261 So.2d 772 (1971). The State then and now, in brief, identifies consolidation under Rule 42 (a) with joinder or adding of parties or merger of cases. (Consolidation is not merger as we shall presently discuss.) In spite of the opposition, the court ordered consolidation for trial.
The cases were ultimately submitted to the trial court upon an agreed statement of facts subscribed to by all parties, together with the pleadings and exhibits.
So that what we say hereafter may be fully understood, we will describe the relationship of Link and Evers and explain the basis for the assessment against Link.
Link Enterprises, Inc. leased residential premises known as Hampton Hall to Evers. Evers was engaged in operating a health facility for treating patients. Hampton Hall was to be a residence for "guests" while they underwent tests or treatment in the adjoining or nearby facility. No medical treatment was to be provided on the premises of Hampton Hall. Evers was not licensed as a hospital, nursing home, sanatorium or as a retailer of personal property. Link and Evers subsequently on October 14, 1976, entered into a contract whereby for a price of $15 per day per patient, to be paid by Evers, Link would provide three meals for the "guests" of Evers. Evers would direct the content of the meals which might vary according to a prescribed diet for each "guest."
The court entered a finding of fact that Evers was not operating a hospital or institution but was in fact selling meals to his "guests" at retail. However, the court also found that though Evers sold the meals at retail, Evers had no sales tax license and was thus not a licensed retailer. Applying our holding in State v. Advertiser Co., 337 So.2d 942 (Ala.Civ.App. 1976), cert. denied, 337 So.2d 947 (Ala. 1976), the court deemed itself compelled to hold Link liable for the sales tax on its sales to Evers because it sold for resale to an unlicensed retailer. (The principle of Advertiser is that §40-23-1 Code of Alabama (1975) places a gross receipts tax on all sales of tangible personal property except wholesale sales. Wholesale sales are defined by the statute as sales of tangible personal property by wholesalers to licensed retail merchants for resale. If a wholesaler sells to a non-licensed retailer for resale, the sale is not a wholesale sale and is taxable as a retail sale.) The court therefore found Link liable to the State for the amount of the assessment.
The court further found that Evers had, in fact, sold the meals purchased from Link to his "guests" as ultimate consumers, and should have collected sales tax thereon. The court then found it unjust enrichment for Evers to escape the burden of collection and payment of sales tax upon his sales through his failure to procure a license as a retailer and thus cause Link to be assessed and have to pay instead. It therefore adjudged Evers liable to reimburse Link in the specific amount of the assessment together with interest.
The judgments against Link in the tax cases and against Evers in the declaratory suit, though contained in one instrument, were, in fact, separately ordered and adjudged.
Appeal from the entire order was taken by Evers. In other words, Evers complains of error in the judgment against Link in favor of the State and also of the judgment against Evers and in favor of Link. For some reason, the State, though having full judgment in its favor, chose to file what it terms a cross-appeal complaining of error in the granting of the consolidation, contending as we heretofore said that by consolidation, Evers was made a party to the tax case. We frankly are at a loss to understand why the State, a fully successful party with full payment of its assessment in its pocket, wishes to cross-appeal because of a purely procedural pre-trial order. Link replies to the issues presented by Evers, particularly the issue that the judgment in favor of Link and against Evers is erroneous as a matter of law.
Having as succinctly as possible laid out what has occurred, we now present our view and decision on this unusual case. *Page 1180 
First, we do not decide whether consolidation of the tax cases with the suit by Link against Evers for trial was proper or improper. We do not consider that issue before us. The federal courts have said that consolidation is permitted as a matter of convenience and economy in cases which may have a common issue of fact or law, but it does not merge the suits into a single cause, or change the rights of the parties or make those who are parties in one suit parties in another. Wright and Miller, Federal Practice and Procedure, Civil, Vol. 9, § 2382. Evers was not a party to the appeal from the tax assessment by Link. Even if properly consolidated for trial because of a common issue,[1] the case between Evers and Link was not merged with the tax appeals. Each case maintained its separate identity and parties. Thus, Evers could not appeal from the judgment against Link. Only parties to a judgment may appeal from it. Evers' appeal from the judgment against Link must therefore be dismissed.
The cross-appeal of the State, the successful party to the judgment, which cross-appeal is not based upon the inadequacy of the judgment, is without merit for absence of injury and will not be considered on appeal. Trammell v. Moses,358 So.2d 748 (Ala.Civ.App. 1978); DeBardeleben v. Tynes, 290 Ala. 263,276 So.2d 126 (1973); Anderson v. Kemp, 279 Ala. 321,184 So.2d 832 (1966). It also follows that if the appeal of Evers in the case is without authority and must fall, the cross-appeal must fall with it. We hardly believe the State wishes a reversal of its winning judgment in any event.
The appeal of Evers from the judgment against him in the Linkv. Evers case is proper; however, it exceeds the jurisdictional limits of this court and is not an appeal from a matter arising from a ruling of a state agency. That appeal must be transferred ex mero motu under § 12-3-10, Code of Alabama (1975) from this court to the supreme court.
Therefore, it is the judgment of this court that the appeal of Evers from the judgment in the tax appeal cases be and is dismissed for want of standing. Thagard v. Brock, 282 Ala. 262,210 So.2d 182 (1968). The cross-appeal of the State is also dismissed therewith. The appeal of Evers from the judgment against him in circuit court Case Cv-79-404-T is transferred to the supreme court for want of jurisdiction. Section 12-3-15, Code of Alabama (1975).
APPEAL DISMISSED in Cases Cv-79-125-T, Cv-79-126-T and Cv-79-127-T.
APPEAL TRANSFERRED in Case Cv-79-404-T.
BRADLEY and HOLMES, JJ., concur.
[1] Was there a common issue?