WRIGHT, Presiding Judge.
The appellee, Ruben R. Keith (Keith) entered into a contract with appellant Argo Water & Fire Protection Authority (Argo) under the date of February 16, 1975. The contract provided that Argo, in consideration of the mutual covenants contained therein would furnish Keith “such quantity of water as the water user may desire in connection with his occupancy of the property.” There was provided a fee of $25 for each tap-on. At the time Keith executed the Water User Agreement, his water supply came from his individual well.
The original design of Argo’s system provided for the installation of a two-and-one-half-inch main line to run to Keith’s property. The distance and location of the property were deemed to be such that a larger pipe should be used; therefore, it was agreed to increase the size to a six-inch line. Keith and several others served by Argo desired to have the size of their lines increased to six-inch lines. Argo refused to *959 approve the installation of the larger pipe without the property owners first paying for the increased cost of material. Keith was required to pay $15,721 above the cost of the $25 tap-on fee.
Keith owned approximately 120 acres. He purchased five tap-ons under his contract with Argo. In 1976 Keith contemplated building a subdivision on his land. He discussed his plans with Thomas Liles, one of Argo’s Board of Directors, and sent a legal description of the land to Argo. Subsequently Argo sent a letter to Keith stating that Argo would not be responsible for the construction of the water lines within the area Keith contemplated subdividing. Argo requested and received from Keith a utility easement for the location of the water lines valued at $3,000.
A meter was installed and sometime during January or February 1979, Keith connected his house up to Argo’s water system for one week and then disconnected it, claiming a lack of adequate water pressure. He reconnected his house to his prior existing well. There was testimony from Keith and other water customers that the water pressure in their homes was so low that it hardly was enough for a shower. The pressure when checked was below that required by the State Health Department. Some did as Keith and reconnected with their wells.
Keith filed suit claiming a breach of the Water User Agreement to furnish water to his property sufficient for his use. He claimed damages for the easement granted Argo, and the cost of installing the six-inch pipe.
The judge instructed the jury as to the damages they could award if they found a breach of contract by Argo. The jury returned a verdict in favor of Keith, awarding damages in the amount of $8,000. Argo moved for a new trial. From the denial of its motion, Argo appealed.
The only issue raised on appeal is whether the trial court erred in overruling Argo’s motion for a new trial. Argo asserts that the preponderance of the evidence clearly indicates that the jury verdict is excessive.
The authority vested in a court to disturb the verdict of a jury on the ground of excessive damages is one to be exercised with great caution. Donald v. Matheny, 276 Ala. 52, 158 So.2d 909 (1963). A trial court should indulge all reasonable presumptions in favor of a jury’s verdict on a motion for a new trial and should not disturb it unless convinced by the great weight of evidence that the verdict is wrong. W.M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231 (1937).
Moreover, no ground for a new trial is more carefully scrutinized or more rigidly limited than that the verdict is contrary to the evidence. National Biscuit Co. v. Wilson, 256 Ala. 241, 54 So.2d 492 (1951). Where the verdict of the jury is responsive to the evidence and consistent with the general charge, it should not be disturbed by the court on motion for a new trial. Mangino v. Todd, 19 Ala.App. 486, 98 So. 323 (1923).
The record discloses that the issue of law as charged by the trial court was (a) whether there was a contract between Keith and Argo, (b) whether Keith performed all the requisites of the contract, (c) whether Argo had failed to perform under the contract, and (d) whether Keith sustained damages because of Argo’s nonperformance of the contract or failure to perform the contract. Bentley v. Lawson, 280 Ala. 220, 191 So.2d 372 (1966). The charges given the jury are taken as correct and not reviewable since no exceptions were made. Horace v. Van-Blaricon, 291 Ala. 530, 283 So.2d 421 (1973).
The jury had before it evidence that Keith expended monies for the cost of six-inch pipe to bring water to his property and the five tap-ons which he contracted for; that he deeded to Argo an easement on his land to install the pipe. All of this expenditure was stated to be for the purpose of conveying potable water sufficient to satisfy all of his needs. There was evidence from which the jury could find that after all of this, Argo failed to provide such water and thus breached the contract.
*960 When the evidence is applied to the law as charged, the verdict of the jury is fully supported. Denial of a motion for a new trial on the ground that the verdict is contrary to the great preponderance of evidence is not error where there is evidence not only to support the trial court’s submission of the case to the jury but where it also supports the verdict. Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594 (1967). That the verdict of the jury is in an amount less than it might have been under the evidence does not require reversal upon motion of the defendant. See, Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190 (1951).
The trial court’s denial of the motion for a new trial strengthens the presumption in favor of the jury verdict. Crum v. McGhee, 289 Ala. 244, 266 So.2d 855 (1972). ,
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.