**HEADWATERS, an Oregon nonprofit corporation, Forest Conservation Council, Plaintiffs,**

v.

**UNITED STATES FOREST SERVICE, Defendant.**

**No. 01–3056–HO.**

United States District Court, D. Oregon.

July 26, 2001.

ORDER

HOGAN, District Judge.

This is a suit for declaratory and injunctive relief, alleging that defendant United States Forest Service (USFS) failed to comply with various environmental laws in preparing the Beaver–Newt and Silver Fork timber sales in the Rogue River National Forest.

## I. *Procedural Background*

This court recently heard oral arguments in a similar case captioned *Klamath–Siskiyou Wildlands Center v. United States Forest Service*, 01–3018–HO. The court granted defendant's motion for judgment on the pleadings based on *res judicata* because these same issues had previously been raised, and dismissed with prejudice pursuant to settlement, in *American Lands Alliance, et al. v. Williams, et al.*, 99–697–AA. In *Klamath–Siskiyou*, plaintiff's counsel, the same counsel representing plaintiffs in the instant lawsuit, conceded that *res judicata* would bar the lawsuit, but argued that the court should grant plaintiff relief from the *American Lands* judgment pursuant to Federal Rule of Civil Procedure 60(b), based on the allegation that the attorney who represented the plaintiffs in *American Lands* case did not have authority to dismiss the case with prejudice.

On July 2, 2001, following oral argument, this court granted defendant's motion for judgment on the pleadings, denied plaintiff's motion for relief from the *American Lands* judgment, and advised counsel that such relief must be sought in the *American Lands* case, not collaterally through a separate lawsuit. *See* Fed. R.Civ.P. 60(b).

On July 5, 2001, counsel filed the instant complaint, containing virtually identical

claims as those in *Klamath–Siskiyou.* The only appreciable difference is that the named plaintiff was changed from Klamath–Siskiyou Wildlands Center, an Oregon non-profit corporation; to Headwaters, an Oregon non-profit corporation and Forest Conservation Council.

## II. *Standard of Review*

██ "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying *res judicata:* it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Arizona v. California,* 530 U.S. 392, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000) (quoting *United States v. Sioux Nation,* 448 U.S. 371, 432, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting)).

Here, for the same reasons that *Klamath–Siskiyou* was dismissed, the instant case is barred by *res judicata.*

## III. *Discussion*

██ *Res judicata* bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action, if the prior suit concluded in a final judgment on the merits." *International Union of Operating Engineers v. Karr,* 994 F.2d 1426, 1429 (9th Cir.1993). The three elements are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997). The dismissal of an

action with prejudice pursuant to a settlement agreement constitutes a final judgment on the merits and precludes a party from reasserting the same claim in a subsequent action. *International Union,* 994 F.2d at 1429.

In determining whether successive claims constitute the same cause of action, Ninth Circuit jurisprudence considers the following four factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.1982); *see International Union,* 994 F.2d at 1430 (noting that the Ninth Circuit applies *res judicata* "on the ground that the two claims arose out of the same transaction, without reaching other factors cited in *Costantini.*").

### A. *Res Judicata Applied*

██ On November 1, 1999, numerous environmental groups filed an amended complaint in *American Lands,* Civ. No. 99–697–AA,[1] challenging the Silver Fork, Beaver Newt, and several other Forest Service timber sale projects on the basis of alleged NEPA, NFMA, and APA violations. *See* Amended Complaint in *American Lands* (# 20), ¶¶ 9, 11–13. That suit before the Honorable Judge Ann Aiken was dismissed with prejudice, and judgment was entered, on January 19, 2000.

The complaint in the subsequent case of *Klamath–Siskiyou Wildlands Center v.*

---

1. The named plaintiffs included: American Lands Alliance, League of Wilderness Defenders, Oregon Wildlife Federation, Santiam Watershed Guardians, Friends of Breitenbush Cascades, Klamath–Siskiyou Wildlands Center, Gregory J. Dyson, and John Rancher.

*United States Forest Service,* Civ. No. 01–3018–HO, filed February 21, 2001, likewise challenged the Silver Fork and Beaver Newt Forest Service timber sale projects on the basis of alleged NEPA, NFMA, and APA violations. *See* Complaint in *Klamath–Siskiyou* (# 1), ¶¶ 1–5. Both suits sought declaratory relief that the Forest Service violated NEPA, NFMA, and the APA; and injunctive relief requiring the preparation of an Environmental Impact Statement (EIS) analyzing the significant environmental impacts of Beaver–Newt and Silver Fork. *Compare* Amended Complaint in *American Lands* (# 20), ¶ 13, *with* Complaint in *Klamath–Siskiyou* (# 1), ¶ 6.

The *Klamath–Siskiyou* complaint was dismissed on July 2, 2001, based on *res judicata* from the *American Lands* judgment.

The instant complaint, filed three days later on July 5, 2001, by the same counsel representing the *Klamath–Siskiyou* plaintiff, likewise challenges the Silver Fork and Beaver Newt Forest Service timber sale projects on the basis of alleged NEPA, NFMA, and APA violations. *See* Complaint in *Headwaters* (# 1), ¶¶ 1–5. All three suits seek declaratory relief that the Forest Service violated NEPA, NFMA, and the APA; and injunctive relief requiring the preparation of an Environmental Impact Statement (EIS) analyzing the significant environmental impacts of Beaver–Newt and Silver Fork. *See* Amended Complaint in *American Lands* (# 20), ¶ 13; Complaint in *Klamath–Siskiyou* (# 1), ¶ 6; Complaint in *Headwaters* (# 1), ¶ 6. Much of the instant complaint is taken verbatim from the *Klamath–Siskiyou* complaint. For example, see the first six paragraphs of both complaints:

1. This is a civil action for declaratory and injunctive relief under the Administrative Procedures Act (APA), 5 U.S.C. § 551–706. The claims arise from defendant's violations of the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4370(d), and Council on Environmental Quality (CEQ) implementing regulations, 40 C.F.R. §§ 1500–1508; and the National Forest Management Act (NFMA), 16 U.S.C. § 1600 *et seq.,* and its implementing regulations, 36 C.F.R. §§ 219.1–219.29. This action is prosecuted pursuant to the right of review provision of the APA, 5 U.S.C. § 702.

2. Plaintiffs challenge defendant's violations of NEPA when it prepared the Environmental Assessment (EA) and Finding of No Significant Impact (FONSI) documents for the Beaver–Newt Timber Sale (Beaver–Newt) and the Silver Fork Timber Sale (Silver Fork) on the Applegate Ranger District of the Rogue River National Forest [ (RRNF) ] in Jackson County, Oregon, and Siskiyou County, California.

3. Plaintiffs challenge defendant's decision not to prepare an Environmental Impact Statement (EIS) evaluating significant impacts of Beaver–Newt and Silver Fork on the environment.

4. Plaintiffs challenge defendant's violations of the Record of Decision (ROD) on Management of Habitat for Late–Successional and Old–Growth Forest Related Species within the Range of the Northern Spotted Owl (Northwest Forest Plan) when it planned Beaver–Newt and Silver Fork.

5. The ROD was adopted in 1994 and amended the land and resource management plans (LRMPs) of 19 National Forests, including the [RRNF]. The ROD was adopted pursuant to the NFMA, which mandates that defendant's activities carried out on National Forests "shall be consistent with the land management plans." 16 U.S.C. § 1604(i). *See also* 36 C.F.R. § 219.10(e).

6. [prayer for relief; seeking same verbatim relief].

See ¶¶ 1–6 of complaint in *Klamath–Siskiyou* (# 1), and complaint in *Headwaters* (# 1). The only minor differences are indicated in bold brackets.

Other portions of the instant *Headwaters* complaint add more detailed factual allegations and labels and alter paragraph order. *See, e.g.,* complaint in *Headwaters* (# 1), ¶¶ 51–57 *and* complaint in *Klamath–Siskiyou* (# 1), ¶¶ 37–43; complaint in *Headwaters* (# 1), ¶¶ 124–29; *and* complaint in *Klamath–Siskiyou* (# 1), ¶¶ 44–45.

Here, all of the elements of *res judicata* are satisfied. First, there is an identity of claims because the two timber sales challenged on the basis of NEPA, NFMA, and APA violations in the instant lawsuit, were also present in the earlier *American Lands* and *Klamath–Siskiyou* lawsuits. *See International Union,* 994 F.2d at 1429 ("Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together.") (citation omitted). Indeed, in *Klamath–Siskiyou,* plaintiff submitted affidavits stating that plaintiff intended "to pursue alternative litigation on the same timber sales with another attorney [different from in *American Lands* ]." Second, the court in *American Lands* entered a final judgment on the merits when it dismissed the action with prejudice based on a stipulated dismissal. *International Union,* 994 F.2d at 1429 (citing *In re Dominelli,* 820 F.2d 313, 316–17 (9th Cir.1987) (dismissal of action with prejudice pursuant to a settlement agreement constitutes a final judgment on merits and precludes parties from reasserting the same claim in a subsequent action)). For this reason, this court dismissed *Klamath–Siskiyou.*

Third, although the instant named plaintiffs were not named plaintiffs in *Klamath–Siskiyou* or *American Lands,* they were sufficiently in privity with those plaintiffs. In order to show privity between a non-party and a party to former litigation, the non-party's interests and rights must have been represented and protected in the prior action. *See Pedrina v. Chun,* 97 F.3d 1296, 1301–02 (9th Cir. 1996). "Courts are no longer bound by rigid definitions of parties or their privies for purposes of applying collateral estoppel or res judicata." *United States v. ITT Rayonier, Inc.,* 627 F.2d 996, 1003 (9th Cir.1980). "Courts have recognized that a non-party may be bound if a party is so closely aligned with its interests as to be its 'virtual representative.'" *Sierra Club v. Block,* 576 F.Supp. 959, 966 (D.Or.1983) (Panner, J.) (citing *ITT Rayonier,* 627 F.2d at 1003).

Here, privity exists between the parties in the prior cases, and the plaintiffs in this matter. The stated interests of plaintiffs herein, *see* complaint in *Headwaters* (# 1), ¶¶ 12–13, were represented and protected in the prior actions. *See* amended complaint in *American Lands* (# 20), ¶¶ 20–27; complaint in *Klamath–Siskiyou* (# 1), ¶ 12. The parties to the *American Lands* and *Klamath–Siskiyou* complaints "sought recognition not of any interests peculiar to themselves, but rather vindication of the public right to require Forest Service compliance with NEPA [and the NFMA]." *Sierra Club,* 576 F.Supp. at 966 (applying "concept of virtual representation or simple common sense," in finding privity between Sierra Club and Middle Santiam Wilderness Committee which, among others, were parties to prior proceeding; and Oregon Natural Resources Council, which held closely related interests and was not a party to prior proceeding); *compare Oregon Natural Desert Assoc. v. Green,* 953 F.Supp. 1133 (D.Or.1997) (Haggerty, J.) (finding no evidence of non-party's interest

in prior lawsuit; fact that both were environmental groups is insufficient for privity).

In addition, counsel for plaintiff in *Klamath–Siskiyou,* filed the instant virtually identical lawsuit, naming different plaintiffs, just three days after the *Klamath–Siskiyou* case was dismissed. The court further takes judicial notice that Klamath Siskiyou Wildlands Center and Headwaters are co-plaintiffs, represented by the instant counsel, in another recently filed suit, *Headwaters v. Bureau of Land Management,* 01–3063–CO.

The elements of *res judicata* are satisfied. Accordingly, this case is dismissed. The court again admonishes that attempts to avoid the final judgment in *American Lands,* Civ. No. 99–697, should be directed at that case, and collateral attacks shall be avoided.

IT IS SO ORDERED.