THOMPSON, Presiding Judge.
On March 3, 2009, R.M.T. and R.T. (hereinafter together referred to as “the petitioners”) filed a petition in the Baldwin Probate Court seeking to adopt R.T.’s sister, F.I.T. (hereinafter “the child”). The parents of the child consented to the proposed adoption. According to the allegations in the adoption petition, the child has been residing in the petitioners’ home since September 2005. The record indicates that on August 25, 2008, the Baldwin Juvenile Court awarded the petitioners custody of the child, who at that time was known as “F.I.”[1]
On March 26, 2009, the probate court entered an order appointing a guardian ad litem for the child. Also on March 26, *622 2009, the probate court entered a separate order awarding custody of the child to the petitioners pending a final judgment, see § 26-10A-18, Ala.Code 1975, and scheduling a dispositional hearing for June 30, 2009. As part of its March 26, 2009, order, the probate court also ordered that a full post-placement investigation be conducted pursuant to § 26-10A-19, Ala.Code 1975.
The child is a foreign national. The record contains an April 12, 2009, letter from an Alabama Department of Human Resources (“DHR”) social worker indicating that the child’s visa status is unknown. That letter questioned the appropriateness of the probate court’s exercise of jurisdiction over a foreign national in the absence of a notification of the appropriate foreign consulate.
The record also contains a June 16, 2009, letter from a social worker employed by an organization titled “Adoption Home Study Services.” That letter stated that information received from DHR revealed an “indicated” report of abuse or neglect of a child by R.M.T. DHR records included in the record on appeal reveal that R.M.T. was accused of striking his daughter in December 2005 and that DHR’s investigation of that incident caused it to believe that the abuse allegations were true.
On June 29, 2009, the day before the scheduled dispositional hearing, the probate court entered a judgment “dismissing” the adoption petition. As the bases for its ruling, the probate court cited the report' of abuse or neglect of a child by R.M.T. and its concern as to whether it had jurisdiction over the child because the child is a foreign national. The petitioners timely appealed.
On appeal, the petitioners contend that the probate court erred in denying their adoption petition without affording them a hearing. With regard to that portion of the judgment denying their adoption petition based on the probate court’s “concern” that it lacked personal jurisdiction over the child, the petitioners cite Waite v. Waite, 891 So.2d 341 (Ala.Civ.App.2004). In that case, the trial court, on its own motion, entered a judgment in favor of the defendants shortly after the filing of a declaratory-judgment action against them. In reaching its judgment, the trial court cited the doctrines of res judicata and collateral estoppel, both of which are affirmative defenses that may be waived if not properly asserted by an opposing party. See Waite v. Waite, 891 So.2d at 343. See also Rule 12(b), Ala. R. Civ. P.; Robinson v. Morse, 352 So.2d 1355, 1356 (Ala.1977) (‘Where, however, a party fails to plead an affirmative defense, it is generally deemed to have been waived.”); and Weeks v. Herlong, 951 So.2d 670, 678-79 (Ala.2006) (The failure to assert or argue the doctrines of res judica-ta and collateral estoppel resulted in the waiver of those affirmative defenses.). This court reversed, concluding that the trial court could not dismiss the declaratory-judgment action on its own motion based upon its assertion, on behalf of the defendants, of affirmative defenses. Waite v. Waite, 891 So.2d at 343-44. This court then concluded:
“[Ajlthough a trial court may dismiss an action on its own motion on a jurisdictional basis, affirmative defenses such as the statute of limitations or the doctrine of res judicata are not jurisdictional bases upon which a court may base a sua sponte dismissal.”
Id. at 343.
Unlike Waite v. Waite, supra, there is no party opposing the petitioners in this *623 action; the adoption petition in this case is uncontested. Therefore, there is no opposing party on behalf of whom the probate court could assert the affirmative defense of a lack of personal jurisdiction. We are unwilling to hold that, under the facts of this case, the lack of an opposing party precludes the probate court’s inquiry into personal jurisdiction. However, in this case, the probate court failed to make such an inquiry; rather, it entered a judgment denying the adoption petition based, in part, on its belief that it might lack jurisdiction. Further, the probate court reached its judgment without affording the petitioners an opportunity to address the issue of the child’s legal status.[2]
Similarly, the probate court based its judgment, in part, on the allegation that R.M.T. had committed an act of child abuse. The evidence from DHR pertaining to that act of alleged abuse was produced pursuant to the probate court’s order requiring a post-placement investigation. Section 26-10A-19(c), subject to certain exceptions, provides that an adoption may not be approved until the completion of a “full post-placement investigation.”[3] On March 26, 2009, the probate court ordered that a post-placement investigation be conducted.[4]
Section 26-10A-25, Ala.Code 1975, required the probate court to conduct a dis-positional hearing on the adoption petition. At that hearing, which the probate court scheduled but did not conduct, the probate court would have considered a number of issues, including whether the petitioners are suitable adoptive parents, whether the adoption is in the child’s best interests, and whether all requirements of the Adoption Code have been met. § 26-10A-25(b)(5), (6), and (7), Ala.Code 1975. The report generated as a result of the post-placement investigation conducted pursuant to § 26-10A-19 indicating that R.M.T. had previously abused a child is relevant to those issues.
However, the probate court did not conduct an evidentiary dispositional hearing in this case. Rather, based on its concern that it might not have jurisdiction and on the information yielded from the post-placement investigation, the probate court denied the adoption. Section 26-10A-19(i), Ala.Code 1975, specifies that “[w]hen the [full post-placement] investigation has been conducted, the investigatory report shall not be conclusive but may be considered along with other evidence.” (Emphasis added.) The probate court’s failure to make a determination of its jurisdiction and to consider any “other evidence” in a dispositional hearing on the adoption petition was error.
Accordingly, we reverse the June 29, 2009, judgment and remand the cause for the probate court to conduct the required *624 dispositional hearing.[5]
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. The record indicates that the probate court entered an order on November 14, 2008, changing the child's name to F.I.T.

. No definitive ruling has been made on the issue whether, under the facts of this case, the probate court may enter a judgment approving the adoption of the child at issue in this case. Accordingly, we do not reach that issue.

. Section 26-10A-19 requires that a "pre-placement investigation” be performed on prospective adoptive parents. That pre-placement investigation may be waived if certain relatives, including "a sister,” such as R.T. in this case, are seeking to adopt the child. § 26-10A-28, Ala.Code 1975. It is not clear whether, in this case, the probate court waived the requirement for a pre-placement investigation of the petitioners.

.We note that other provisions of § 26-10A-19 specify the entities who may perform an adoption-placement investigation and provide that the results of such an investigation must be filed in the probate court. See § 26-10A-19(d) and (f), Ala.Code 1975.

. We note that the petitioners' brief contains statements, some of which were premature, alleging other areas of purported error in the proceedings below. Those allegations are not supported by citations to supporting authority, and, therefore, we do not address them. McLemore v. Fleming, 604 So.2d 353, 353 (Ala.1992).